J-S35013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GARY WAYNE URYC | : | |
| | : | |
| Appellant | : | No. 167 MDA 2024 |

Appeal from the PCRA Order Entered July 11, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000051-2012,
CP-36-CR-0005370-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GARY URYC | : | |
| | : | |
| Appellant | : | No. 548 MDA 2024 |

Appeal from the PCRA Order Entered July 11, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005370-2010

BEFORE:  PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED NOVEMBER 22, 2024**

Gary Wayne Uryc appeals *pro se* from the PCRA order entered on July 11, 2023 in the Court of Common Pleas of Lancaster County, dismissing his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S.A. § 9541 et seq., as untimely.[1] Because the PCRA court properly dismissed Uryc's petition, we affirm.

On May 10, 2012 a jury found Uryc guilty of two counts of involuntary deviate sexual intercourse("IDSI"); two counts of indecent assault; one count of corruption of minors; and two counts of felony intimidation of a witness of the victim.[2] On August 28, 2012, the trial court determined Uryc was a Sexually Violent Predator ("SVP") and sentenced him to an aggregate term of 32 to 64 years' imprisonment. Uryc filed a motion to modify his sentence, which was denied. Uryc filed a direct appeal, and on March 4, 2014, this Court affirmed his judgment of sentence. *See Commonwealth v. Uryc*, 2014 WL 10979734, at *9 (Pa. Super. filed March 4, 2014) (unpublished memorandum). Uryc did not petition the Supreme Court for allowance of appeal.

Uryc filed three PCRA petitions between October 6, 2014, and November 17, 2021, all of which were dismissed by the PCRA court. Uryc filed the instant untimely PCRA petition, *pro se*, on February 2, 2023. *See* Petition for Post Conviction Collateral Relief, 2/2/2023. The PCRA court appointed counsel to represent Uryc in the proceeding and directed counsel to file an amended

_____

[1] On September 4, 2024, this Court sua sponte consolidated the above captioned appeals.

[2] 18 Pa.C.S.A. §§ 3123(a)(1) & (b), 4302, 3126(a)(7), 6301(a)(1) and 4952(a)(3).

PCRA petition upon reviewing the matter. **See** PCRA Order, 2/7/23. On May 18, 2023, appointed counsel filed a No-Merit Letter and Motion to Withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998). Counsel explained Uryc's claim was untimely and his allegation that he could avail himself of the after discovered facts exception because he did not discover he was mentally incompetent at trial until January 10, 2023, ten years later, when he received written responses to his questions about his mental health, lacked merit. **See Turner/Finley** Letter, 5/18/23, at 4.

The PCRA court granted counsel's petition to withdraw and issued a Rule 907 Notice of its intent to dismiss Uryc's petition without a hearing. **See** Pa.R.Crim.P. 907(1); Rule 907 Notice, 6/16/2023, at 1. On July 11, 2023, the PCRA court dismissed Uryc's petition, and on August 9, 2023,[3] Uryc filed a *pro se* Notice of Appeal.

---

[3] The trial court docket reflects Uryc filed a timely *pro se* notice of appeal on August 9, 2023. However, there is no indication that the clerk forwarded the notice of appeal to this Court pursuant to Pa.R.A.P. 905(b). Uryc filed a second notice of appeal of the July 11, 2023 order on September 25, 2023, which the PCRA court docket reflects was mailed to this Court on January 30, 2024. Our docket reflects that we received this second notice of appeal on February 5, 2024. Technically, the September 25, 2023 second notice of appeal was untimely. However, because it appears Uryc filed a timely notice of appeal on August 9, 2023, we will deem it timely due to a breakdown in the operations of the PCRA court.

On February 2, 2024,[4] the PCRA court directed Uryc to file a concise statement of the matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b) ("1925(b) Order"). In the 1925(b) Order, the court directed Uryc to file his concise statement by March 4, 2024, which he failed to do. Accordingly, on March 8, 2024, the PCRA court filed a Pa.R.A.P. 1925(a) Opinion, informing Uryc his claims were waived because he failed to timely file his concise statement. In response, Uryc filed a *pro se* Pa. R.A.P. 1926 Correction or Modification of the Record ("1926 Application") with this Court. On July 2, 2024, we granted Uryc's 1926 Application and directed the PCRA court to file a 1925(a) Opinion addressing the issues Uryc presented in his Concise Statement, as written in his 1926 Application. On August 12, 2024, the Commonwealth indicated it did not intend to file a brief and instead would "rely upon [the PCRA court's] thorough and well-reasoned Pa.R.A.P. 1925 Opinion, filed on July 11, 2024." **See** Letter, 8/12/2024.

On appeal, Uryc raises the following issues for review:

1. Whether counsel's failure to investigate and properly prepare a comprehensive presentence investigation/psychological evaluation shielded the court from mitigating sentencing factors and removed vital [information] from the S.O.A.B. report, creating ripple effects throughout the proceedings?

2. Whether the lower court erred in denying [Uryc's] petition for Post Conviction Collateral Relief pursuant to the Pennsylvania PCRA 42 C.S.A. §§ 9541-et seq., by court order of July 11, 2023,

---

[4] It is not clear why the court waited until February 2, 2024 to direct Uryc to file a Rule 1925(b) statement, even if it was in response to his second, September 25, 2023, notice of appeal.

without affording him an evidentiary hearing since, the [State's] Psychologist and other reliable witnesses are available to be deposed for a merits review on genuine issues concerning material facts and legitimate purpose would be served by such hearing—starting with the time-bar?

3. Pursuant-to the Pennsylvania PCRA 42 C.S.A. §§ 9542-46 and in light of **[Commonwealth] v. Bradley**, 261 A.3d 381 (Pa. 2021) did [PCRA counsel] fail to provide effective assistance of counsel?

4. Whether the lower court erred in denying [Uryc's] petition for Post Conviction - Collateral Relief pursuant to the Pennsylvania PCRA 42 Pa. C.S.A. §§ 9542-46, by court order of July 11, 2023, without affording him an evidentiary [hearing] since, the conviction and sentence resulted from ineffective assistance of counsel which, in the circumstances of the [particular] case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place?

Appellant's Brief, at 4.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). Further, while we apply a *de novo* standard of review to the PCRA court's legal conclusions, we are bound by the PCRA court's credibility determinations, when supported by the record. **See Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019); **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted) ("This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding").

We first address whether the PCRA court properly dismissed Uryc's petition as untimely because this determines our jurisdiction to review the merits of his issues on appeal.

To obtain relief under the PCRA, a petitioner must satisfy the statute's timeliness requirement. Accordingly, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date judgment becomes final, unless the petitioner pleads and proves an exception to this timeliness requirement. 42 Pa.C.S.A. § 9545 (b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). The time limits imposed by Section 9545 are jurisdictional, and therefore, a court lacks the power to adjudicate the merits of an issue raised in an untimely PCRA petition. *See Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014); *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Our Supreme Court has clarified that a claim of ineffective assistance of counsel does not save an otherwise untimely PCRA petition for review on the merits. *See Commonwealth v. Peterkin*, 722 A.2d 638, 643 n. 5 (Pa. 1998) ("Peterkin's claim that his petition for post-conviction relief cannot be dismissed as untimely because it is couched in terms of ineffectiveness of counsel is without merit"); *see also Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

Uryc's convictions were affirmed by this Court on March 4, 2014, and his judgment of sentence became final on April 4, 2014, when the 30-day window for filing a petition for allowance of appeal with the Supreme Court expired. *See Commonwealth v. Uryc*, 2014 WL 10979734, at *9; Pa.R.A.P. 1113(a); 42 C.S.A. § 9545(b)(3). Accordingly, Uryc's instant petition, filed in 2023, is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

However, a court may consider a PCRA petition filed more than one year after the judgment of sentence became final if the petitioner pleads and proves a statutory exception:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking an exception to the time-bar must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

In this appeal, Uryc attempts to invoke 42 Pa.C.S.A. § 9545(b)(1)(ii), the "previously unknown facts" exception to the timeliness requirement.

When invoking the previously unknown facts exception, the petitioner must establish that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Williams*, ___ A.3d ___ 2024 WL 4245934, at *4 (Pa. Super. 2024) (citation and internal quotation marks omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). "A petitioner must explain why he could not have learned the new fact earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Shaw*, 217 A.3d 265, 270 (Pa. Super. 2019) (citations and internal quotation marks omitted).

Instantly, Uryc argues he is entitled to the application of the previously unknown facts exception because he was mentally incompetent during his trial and the statutory filing period of his PCRA petition, and he did not become aware of his mental incompetence until January 10, 2023, when he received written responses to questions concerning his mental health from the Department of Corrections ("D.O.C.") psychologist, Mr. Errigo. *See* Appellant's Brief, at 15-17; *see also* Pro Se PCRA Petition, 2/2/2023, at Appendix B. Thus, Uryc argues the instant petition is timely filed for purposes of Section 9545(b)(1)(ii) because it was filed within one year of him first becoming aware of his mental incompetence and "pleading the facts upon which his PCRA action are premised could not have been ascertained by the

exercise of due diligence i.e. a documented history of brain trauma which includes a clinically recognized mental disorder and treatment plan with housing requirements on the Special Needs Unit." Appellant's Brief, at 8. We disagree.

Uryc relies on ***Commonwealth v. Cruz***, 852 A.2d 287, 293 (Pa. 2004), to support his claim that his mental incompetence was a newly discovered fact that hindered his ability to bring a timely PCRA claim. In ***Cruz***, our Supreme Court held, "in some circumstances, claims that were defaulted due to the PCRA petitioner's mental incompetence **may** qualify under the statutory after-discovered evidence exception." ***Cruz***, 852 A.2d at 293 (emphasis in original) (holding that newly discovered fact exception applied where petitioner had shot himself in the head in an unsuccessful attempt to commit suicide during the commission of the underlying crime, sustaining a severe brain injury that essentially left him lobotomized). However, the courts narrowly limit the holding of ***Cruz***, maintaining broad claims of mental illness or psychological condition, absent more, will not constitute newly discovered facts that serve as exceptions to the PCRA's jurisdictional time requirements. ***See Shaw***, 217 A.3d at 270-71. Further, this Court has previously acknowledged that facts which were known and discussed at sentencing are not newly discovered facts. ***See Shaw***, 217 A.3d at 272 ("the very existence of Appellant's mental challenges did not qualify as a 'new fact' for purposes of satisfying that time-

- 9 -

bar exception… Appellant knew then what he now claims is a 'new fact'")
(citations omitted).

Here, the PCRA court determined Uryc had not met his burden of proving
mental incompetence for purposes of satisfying Section 9545(b)(1)(ii) where
he "ha[d] not provided any credible evidence that he was mentally
incompetent at any point during the criminal proceedings." Pa.R.Crim.P. 907
Notice, 6/16/23, at 6. The record supports the PCRA court's determination.

To support his claim of mental incompetence, Uryc attached 3 DC-135A
forms, on which he asked 3 questions:

1. Can you please give me what my mental health diagnosis was
   upon entering the DOC;
2. Can you please give me a list of the psych medications I was
   taking and the dosing instructions along with my weight upon
   entering the county jail;
3. Am I still approved to work as a C.P.S. certified peer support
   specialist.

Mr. Errigo, "SOP" director responded:

1. You were diagnosed with major depressive disorder single
   episode. You were classified at a mental health stability D and
   placed on the SNU;
2. I would not know your weight in the county jail. You were
   previously prescribed Paxil 20 mg., Trazadone 100 mg,
   Wellbutrin 75 mg and Thorazine 50 mg;
3. Yes, according to your vote sheet.

Petition for Post Conviction Collateral Relief, 2/2/2023, Appendix B at 1-3.
Uryc also attached a portion of his sentencing transcript, which stated there
"was not information about mental health history" although there was a
"lengthy history of alcohol abuse." Petition for Post Conviction Collateral Relief,

2/2/2023, Appendix B at 8. The transcript also states, in pertinent part, "defendant does suffer from a mental abnormality or personality disorder that makes him likely to engage in predatory sexually violent offenses." *Id.* at 21.

Uryc has failed to plead sufficient facts to support the application of the previously unknown facts exception. We first observe that Uryc filed 3 prior PCRA petitions, thereby overwhelmingly contradicting his assertions that he was incompetent during the relevant time-period. In fact, nothing in the record indicates Uryc's competence was a concern during trial, sentencing, or direct review, and the sentencing transcript establishes that mental illness and psychological condition were considered both at trial and during sentencing, and therefore, they are not newly discovered facts. *See Shaw*, 217 A.3d at 272.

Moreover, the PCRA petition failed to assert when Uryc recovered from his alleged mental incompetence. He also fails to explain how either his diagnosis of severe depressive disorder, single episode, or suffering from a mental abnormality that made him likely to engage in predatory sexual offenses, rendered him mentally incompetent to discover the facts necessary to form substantive PCRA claims, in order to make the limited holding of *Cruz* applicable to him. *See Cruz*, 852 A.2d at 296.

Therefore, the PCRA court correctly concluded it lacked jurisdiction to review the merits of his petition where Uryc has failed to plead and prove an

exception to the time-bar to justify consideration of his untimely PCRA petition. **See Albrecht**, 994 A.2d at 1093; **Ali**, 86 A.3d at 177.

We briefly note Uryc claims the ineffective assistance of PCRA counsel on the basis of **Bradley**. In **Bradley**, the Court held "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Bradley**, 261 A.3d at 401 (footnote omitted). However, "[n]othing in **Bradley** creates a right to file a [] PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." **Commonwealth v. Stahl**, 292 A.3d 1130, 1134 (Pa. Super. 2023). Further, as this Court recently noted, "**Bradley** did not guarantee a PCRA petitioner substantive review of claims of PCRA counsel's ineffectiveness, nor did it create an absolute right to remand for development of those claims." **Commonwealth v. Lawrence**, 309 A.3d 152, 155 (Pa. Super. 2024). Therefore, Uryc's **Bradley** claim does not save his untimely PCRA petition.

For all the foregoing reasons, we conclude the PCRA court's determinations are supported by the record and affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/22/2024