J-S13009-24

2024 PA Super 97

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ALEXANDER SNYDER | : | |
| | : | |
| Appellant | : | No. 891 WDA 2023 |

Appeal from the PCRA Order Entered June 6, 2023
In the Court of Common Pleas of Warren County Criminal Division at
No(s):  CP-62-CR-0000425-2019

BEFORE:   KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                                    **FILED: May 14, 2024**

Appellant, John Alexander Snyder, appeals from the May 3, 2023, order entered in the Court of Common Pleas of Warren County dismissing Appellant's petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. After review, we affirm.

The relevant facts and procedural history are as follows: Appellant was convicted by a jury of Aggravated Assault, Strangulation, Simple Assault, Terroristic Threats, and Hindering Apprehension and Prosecution.[1] Appellant's aggregate sentence was for a minimum period of 129 months to a maximum

---

[*] Former Justice specially assigned to the Superior Court.

[1] Aggravated Assault, (18 Pa.C.S.A. § 2702(a)(1), First Degree Felony); Strangulation (18 Pa.C.S.A. § 2718(a)(1), Second Degree Felony); Simple Assault (18 Pa.C.S.A. § 2701(a)(1), Second Degree Misdemeanor); Terroristic Threats (18 Pa. C.S.A. § 270b(a)(1), First Degree Misdemeanor); and Hindering Apprehension and Prosecution (18 Pa.C.S.A. § 5105(a)(1), First Degree Misdemeanor).

period of 258 months. Appellant's trial counsel, Alan Conn, Esq., represented Appellant through sentencing and then was permitted to withdraw. **See** Tr. Ct. Order, 9/19/21. The trial court appointed Bernard Hessley, Esq., to represent Appellant with respect to any post sentence motion and appeal. No post sentence motion was filed by Appellant through his new counsel, but a timely notice of appeal and Rule 1925(b) statement were filed. This Court affirmed the judgment of sentence on July 8, 2022. **Commonwealth v. Snyder**, 2022 Pa. Super. Unpub. LEXIS 1556, 1267 WDA 2021 (July 8, 2022).

On November 29, 2022, the Defendant filed a Petition for Post-Conviction Collateral Relief. The trial court appointed Joan M. Fairchild, Esq., as Appellant's PCRA counsel. Tr. Ct. Order, 12/21/22. After several time extensions, Attorney Fairchild filed a Motion for Leave to Withdraw Appearance with **Turner/Finley** [2] Letter on April 12, 2023. The same day, the trial court filed a Notice of Intent to Dismiss Pursuant to Pa.R.C.P. 907 and an order granting PCRA counsel the right to withdraw. The trial court dismissed the PCRA petition and filed a supplemental opinion. Tr. Ct. Op. 5/3/23.[3]

Appellant filed *pro se* motions for an extension of time to file an appeal and for new counsel to be appointed. The trial court denied Appellant's request for an extension of time stating that it does not have the authority to do so.

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[3] This Opinion was incorrectly identified as an Opinion pursuant to Pa.R.A.P. 1925(a) but rather was intended to supplement the opinion in support of the dismissal of the PCRA petition.

Tr. Ct. Order, 5/30/23 (citing **Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019)). The trial court also denied Appellant's motion for the appointment of new counsel stating that where a **Turner/Finley** letter has been accepted by the court and counsel has been permitted to withdraw, the court shall not appoint new counsel. Tr. Ct. Order, 5/31/23 (citing **Commonwealth v. Maple**, 559 A.2d 953, 956 (Pa. Super 1989)).

On June 14, 2023, Appellant filed a *pro se* "Request for Time Enlargement of 30 Days" with this Court. By order filed on June 30, 2023, this Court denied Appellant's request but added, "Nothing herein prevents Petitioner from seeking permission in the court of common pleas to appeal *nunc pro tunc* from the May 3, 2023 order dismissing his PCRA petition."

On July 3, 2023, Appellant filed a second PCRA petition along with other various *pro se* filings. The trial court construed the filings to be a request seeking permission to appeal the court's May 3, 2023, order dismissing the first PCRA petition *nunc pro tunc*. The court granted Appellant permission to file the appeal within thirty days. On August 2, 2023, Appellant filed a timely *pro se* notice of appeal from the trial court's May 3, 2023, order dismissing the first PCRA petition.

On August 3, 2023, the trial court ordered Appellant to file a Rule 1925(b) concise statement within twenty-one days. The trial court's order complied with the requirements of Rule 1925(b)(3). On August 14, 2023, Appellant requested an extension of time to complete his concise statement. Specifically, Appellant stated,

- 3 -

A 1925B must be in full detail and due to the lack of the Twenty-one (21) Days, it will not allow me to properly produce the matter in its full Request as stated by the Received order.

*Pro Se* Motion for Enlargement of Time, 8/14/23.

On August 15, 2023, the trial court granted Appellant's motion, thereby giving Appellant until September 25, 2023—more than thirty days' additional time—to prepare his concise statement. Inexplicably, although Appellant was properly ordered to file a 1925(b) concise statement, requested an extension of time to file the statement, and then was granted an extension of time, he did not do so.

Despite Appellant failing to file a Rule 1925(b) concise statement, the trial court filed a Rule 1925(a) opinion on September 28, 2023, stating that any issue Appellant intends to raise on appeal should be waived. Tr. Ct. Op. at 5. This appeal followed. Appellant filed his *pro se* brief with the Superior Court on February 6, 2024, raising three issues:

> Did PCRA counsel render ineffective assistance when she failed to amend Appellant's PCRA and thoroughly review Appellant's case file and identify any claims of merit including but not limited to; (B) Ineffectiveness of trial and direct appeal counsel for failing to protect Appellant's appellate rights/interests by failing to challenge the sufficiency and weight of the evidence before the trial court.
>
> Presents newly discovered exculpatory evidence revealing that Brady/Giglio material was withheld from the defense in violation of Pa. R. Crim. P. 573 regarding a deal between the prosecution and their witness Michael Whipple; (B) Newly discovered exculpatory evidence revealing a conflict of interest existed between Appellant and direct appeal counsel Bernard Hessley as well as District Attorney Robert C. Green.

Did the PCRA court commit error and/or abuse its discretion in dismissing appellant's first PCRA without hearing relying solely upon PCRA counsel's **Turner/Finley** letter; and for denying appellant's motion for appointment of new PCRA counsel again relying upon counsel's **Turner/Finley** letter.

Appellant's Br. at 2.

This Court has emphasized that Rule 1925(b) "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." **Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020); **see also** Pa.R.A.P. 302(a) (issues cannot be raised for the first time on appeal). "[A]ny issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." **Bonnett**, 239 A.3d at 1106 (citing **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement ... are waived."). Although Appellant is proceeding *pro se*, under Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants. **See Commonwealth v. Williams**, 896 A.2d 523, 534 (Pa. 2006).

Appellant asserts that he raised his issues at the earliest opportunity to do so, which is all that is required in this circumstance pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), and its progeny. Appellant's Br. at 10; Appellant's Reply Brief at 2-3. Appellant is correct that **Bradley** governs this case, however, Appellant failed to comply with the requirements of **Bradley**.

In that case, our Supreme Court dealt with a situation where PCRA counsel is alleged to be ineffective. In certain circumstances, if the analysis of PCRA counsel's effectiveness is left in the hands of the allegedly ineffective PCRA attorney, counsel must evaluate his own ineffectiveness, threatening his livelihood and professional reputation. **Bradley**, 261 A.3d at 398. Requiring counsel to do so creates an inherent conflict of interest, and the Court has acknowledged that "counsel cannot argue his or her own ineffectiveness." **Id.** (citing **Commonwealth v. Spotz**, 18 A.3d 244, 329 n.52 (Pa. 2011)). However, forcing the petitioner to raise these claims in a second or subsequent PCRA petition in light of the one-year jurisdictional time limitation meant that, as a practical matter, most petitioners would be prevented from presenting a claim of PCRA counsel's ineffectiveness. **Id.** at 391. Thus, the Court held:

> Specifically, we find that a review paradigm allowing a petitioner to raise claims of PCRA counsel's ineffectiveness at the first opportunity when represented by new counsel, even if on appeal, while not an ideal solution, accommodates these vital interests. Fully cognizant of the difficulties discussed above associated with requiring PCRA counsel himself, or a *pro se* petitioner, to raise claims of PCRA counsel's ineffectiveness, we hold that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel *or acting pro se, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so*, even if on appeal.

**Bradley**, 261 A.3d at 401 (emphasis added).

A similar situation arose in **Commonwealth v. Parrish**, 273 A.3d 989 (Pa. 2022). There, an appellant who raised claims of his PCRA counsel's ineffectiveness did so for the first time in a corrected 1925(b) statement. **Id.**

at 1002. The Commonwealth argued that the appellant improperly raised the claim in his 1925(b) statement and thus the issues were not preserved. The Court held:

> Parrish adequately raised and preserved his layered claim of the ineffective assistance of trial and initial PCRA counsel by raising it at the first opportunity to do so, specifically in his Corrected 1925(b) Statement and in his brief filed with this Court in this appeal.

*Id*.

In the instant case, the PCRA court denied Appellant's petition and his PCRA counsel was permitted to withdraw. Appellant, proceeding *pro se*, now sets forth claims of his PCRA counsel's ineffectiveness. Pursuant to **Bradley**, those claims must have been raised at the first opportunity to do so. Appellant was ordered to file a Rule 1925(b) statement, which would have been his first opportunity to raise his claims of PCRA counsel's ineffectiveness, but he instead raised them for the for the first time on appeal. Thus, he failed to properly preserve his issues on appeal.

In Appellant's reply brief, he cites as analogous this Court's recent decision in **Commonwealth v. Lawrence**, 309 A.3d 152 (Pa. Super. 2024), where we granted relief vacating the PCRA court's order and remanded for further proceedings. In that case, after the appellant's PCRA petition was dismissed, the appellant filed a notice of appeal, and his appointed counsel filed a 1925(b) statement. **Id.** at 154. The appellant hired new counsel who filed a supplemental 1925(b) statement which challenged previous PCRA counsel's effectiveness. The Commonwealth argued that the appellant failed

to develop those issues in his brief. *Id.* at 155. We agreed that the claims were not developed, but remanded because:

> Nonetheless, since we find the requisite allegations in the certified record, we shall not punish Appellant for counsel's failure to appreciate the nuances of this developing area of the law. Specifically, in the supplemental Rule 1925(b) statement, present counsel detailed the underlying claims sufficiently to convince us that they have arguable merit, the potential for prejudice, and present material issues of fact that the PCRA court will be required to resolve in order to rule upon whether they entitle Appellant to relief.

*Id.* at 156.

*Lawrence* is inapplicable to the instant matter because the issue there was not that the appellant failed to raise his claims at the earliest opportunity to do so, but that he did not fully develop those claims. More importantly, the appellant in that case preserved his claims by filing a 1925(b) statement, which Appellant here did not. Accordingly, all of Appellant's claims on appeal have been waived by his failure to file a 1925(b) statement.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/14/2024