IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scioli Turco, Inc.
                        :
      v.                  :    No. 902 C.D. 2023
                        :
Estate of Albert J. Baur, Estate of  :    Submitted: December 9, 2024
Dorothy Baur, Catherine Baur,    :
Brian Baur and Unknown Heirs     :
                        :
Appeal of: Estate of Albert J. Baur,  :
Estate of Dorothy Baur, Catherine   :
Baur, and Brian Baur            :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MATTHEW S. WOLF, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                  FILED: January 17, 2025

The Estate of Albert J. Baur, Estate of Dorothy Baur, Catherine Baur and Brian Baur (Appellants) appeal from the July 14, 2023 order issued by the Philadelphia County Court of Common Pleas (trial court) finding that Appellants' property located at 249 East Girard Avenue in Philadelphia (the Property) was abandoned and blighted under the Abandoned and Blighted Property Conservatorship Act[1] (the Act).[2] Because

---

[1] Act of Nov. 26, 2008, P.L. 1672, No. 135, *codified as amended at* 68 P.S. §§ 1101-1120.

[2] The Act provides "a mechanism to transform abandoned and blighted buildings into productive reuse [as] an opportunity for communities to modernize, revitalize and grow, and to improve the quality of life for neighbors who are already there." Section 2(5) of the Act, 68 P.S. § 1102(5). It states that where the owner of a building "fails to maintain the property in accordance with applicable municipal codes or standards of public welfare or safety, it is in the best interest of

**(Footnote continued on next page…)**

we conclude that the trial court's order is interlocutory and not appealable, we quash this appeal for lack of jurisdiction and remand this case to the trial court for further proceedings.

## **Facts and Procedural History**

The relevant facts and procedural history of this case are as follows. On January 25, 2023, Scioli Turco, Inc. (Appellee) filed a petition requesting the appointment of a conservator for the Property pursuant to the Act. The trial court held a status hearing in March of 2023 at which both parties appeared and the court scheduled an evidentiary hearing for May 17, 2023. On the day prior to the hearing, May 16, 2023, Appellants filed a motion for a continuance, which the trial court denied. Appellants did not appear at the hearing and the trial court proceeded pursuant to Pennsylvania Rule of Civil Procedure 218(b)(1).[3] After Appellee presented the testimony of multiple witnesses, the trial court continued the hearing until July 14, 2023 and ordered Appellants to appear at that proceeding.

Appellants did not appear at the July 14th hearing and the trial court heard additional testimony from Appellee regarding the condition of the Property. At the conclusion of the hearing, the trial court determined that Appellee established the Property is blighted and abandoned pursuant to the Act and "the conditions of the Property are such that a Conservator **may** be appointed pursuant to Section 5(d)(1)-(4)

---

the Commonwealth, the municipality and the community for the court, pursuant to the provisions of this Act, to appoint a conservator to make the necessary improvements before the building deteriorates further and necessitates demolition, resulting in the removal of the building from the housing supply or prohibiting future productive economic use." 68 P.S. § 1102(6).

[3] This Rule provides that where a case is called for trial and a defendant is not ready without a satisfactory excuse, the plaintiff may proceed to trial. Pa.R.Civ.P. 218(b)(1).

of the Act, 68 P.S. § 1105(d)(1)-(4)."[4]  (Trial Ct. Order, 7/14/23) (emphasis added). The trial court scheduled another hearing for August 14, 2023, "to determine whether to appoint a Conservator or to grant any other appropriate relief." *Id.*  The trial court further ordered Appellants to appear at the August hearing and directed the parties to exchange all necessary documentation in advance of it.  This appeal followed.[5]

Appellants filed a concise statement of errors complained of on appeal and the trial court entered an opinion on December 7, 2023. *See* Pa.R.A.P. 1925(a), (b).  In its opinion, the trial court requested that this Court quash this appeal and remand for

---

[4] Section 5(d) states in pertinent part:

> **(d) Conditions for conservatorship**.--If a petition is filed under section 4, the court may appoint a conservator if all of the following apply as of the date of filing:
>
> (1) The building has not been legally occupied for at least the previous 12 months.
>
> (2) The owner fails to present compelling evidence that he has actively marketed the property during the preceding 60-day period and made a good faith effort to sell the property at a price which reflects the circumstances and market conditions.
>
> (3) The property is not subject to a pending foreclosure action by an individual or nongovernmental entity.
>
> (4) The current owner fails to present sufficient evidence that he has acquired the property within the preceding six months. The evidence shall not include instances where the prior owner is a member of the immediate family of the current owner, unless the transfer of title results from the death of the prior owner, or where the current or prior owner is a corporation, partnership or other entity in which either owner or the immediate family of either owner has an interest in excess of 5%.

68 P.S. § 1105(d)(1)-(4).

[5] Appellee has filed in this Court an application to dismiss this appeal requesting that we quash it.  Given our disposition, we dismiss the application as moot.

3

further proceedings because Appellants' "interlocutory appeal was filed without authorization under the Pennsylvania Rules of Appellate Procedure [as Appellants] did not appeal a final Order, did not seek permission, and did not file as of right from interlocutory orders pursuant to [Pennsylvania Rule of Appellate Procedure] 311." (Trial Ct. Op., 12/07/23, at 1.)[6]

### Discussion[7]

On appeal, Appellants contend the trial court erred by not dismissing this case where the record shows the Property has not been abandoned and that any code violations are being addressed. (Appellants' Br., at 4.) With respect to the appealability of the trial court's July 14, 2023 order, Appellants argue that this is an appeal from "a final order granting conservatorship." *Id.* at 6.

As a preliminary matter, we must address the appealability of the trial court's order, as it directly impacts our jurisdiction over this matter. *Smith v. Ivy Lee Real Estate LLC* (Pa. Cmwlth., No. 299 C.D. 2021, filed Nov. 7, 2024), 2024 WL 4702326, at *4. "Generally speaking, appellate courts have jurisdiction to entertain appeals from final orders entered at the trial court level." *Pennsylvania Manufacturers' Association Insurance Company,* 188 A.3d at 399.

Specifically, Pennsylvania Rule of Appellate Procedure 341(a) provides that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). Generally, a final order is any order that "(1) disposes of all claims and of all parties; . . . [or] (3) is entered as a final order pursuant to

---

[6] Rule 311 states that an interlocutory appeal may be taken as of right from, *inter alia*, orders affecting judgments, attachments, change of criminal venue and injunctions. Pa.R.A.P. 311(a).

[7] Because the jurisdictional issue raised presents a question of law, our standard of review is *de novo* and our scope of review is plenary. *Pennsylvania Manufacturers' Association Insurance Company v. Johnson Matthey, Inc.*, 188 A.3d 396, 398 (Pa. 2018).

4

paragraph (c) of this rule [(relating to orders granting interlocutory review of particular issues)] . . . . Pa.R.A.P. 341(b*)."* *K. H. v. Department of Human Services*, 315 A.3d 178, 182 (Pa. Cmwlth. 2024). "The purpose of limiting appellate review to a final order is to prevent piecemeal determinations and the consequent protraction of litigation." *In re First Baptist Church of Spring Mill*, 22 A.3d 1091, 1095 (Pa. Cmwlth. 2011). The consolidation of all challenged rulings into one appeal provides appellate courts with the opportunity to consider the trial court's decisions in light of the entire record below, thereby facilitating sound appellate review. *Id.*

Here, while Appellants frame their appeal from the trial court's July 14, 2023 order as an appeal from a "final order granting conservatorship" of the Property, we disagree with their characterization. Instead, the plain language of the trial court's order demonstrates that the court instead scheduled an **additional** hearing one month later based on its finding that appointment of a conservator **may** be appropriate given the evidence presented at the prior evidentiary hearings in the case. The court expressly stated continuation of the proceedings was necessary "to determine whether to appoint a conservator **or to grant any other appropriate relief**." (Trial Ct. Order, 7/14/23) (emphasis added). The trial court further ordered Appellants to appear at the August hearing and directed the parties to exchange all necessary documentation in advance of it. Throughout the order, the court referenced future proceedings and the need for additional evidence and findings before it could resolve the issue of conservatorship with finality.

In sum, based on the foregoing, we conclude that the trial court's July 14, 2023 order plainly did not dispose of all claims at issue in this case, but simply narrowed the dispute. The order was therefore interlocutory in nature and not

appealable at this time.  Because we lack jurisdiction to consider the merits of Appellants' appeal, we quash it.

Appeal quashed.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scioli Turco, Inc.

        v.

Estate of Albert J. Baur, Estate of
Dorothy Baur, Catherine Baur,
Brian Baur and Unknown Heirs

Appeal of: Estate of Albert J. Baur,
Estate of Dorothy Baur, Catherine
Baur, and Brian Baur

:
:    No. 902 C.D. 2023
:
:
:
:
:
:
:
:
:
:

## ***ORDER***

      AND NOW, this 17th day of January, 2025, this appeal from the order of the Court of Common Pleas of Philadelphia County dated July 14, 2023 is hereby QUASHED.

_____

PATRICIA A. McCULLOUGH, Judge