# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue, : 
               Petitioner :
                : No. 539 M.D. 2024
         v. :
                : Submitted: November 6, 2025
PA Department of Human Services :
and The Pennsylvania State Civil :
Service Commission, :
             Respondents :

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**PER CURIAM**                             **FILED: December 15, 2025**

Sean Donahue, *pro se*, has petitioned this Court to review a discovery order issued by the State Civil Service Commission (Commission) on October 22, 2024 (subpoena determination), which is related to litigation arising from his former employment with the Department of Human Services (DHS). In response, the Commission has filed an application for summary relief, asserting that Donahue's appeal is premature. Upon review, we grant the application for relief and quash Donahue's appeal.

Concurrently, Donahue has also petitioned this Court for a writ of mandamus, in which he asks this Court to compel DHS to implement nine changes to its operational and personnel policies. DHS has responded with preliminary objections in the nature of a demurrer. We sustain the preliminary objections and dismiss with prejudice Donahue's petition for mandamus relief.

# I. BACKGROUND[1]

Donahue was a probationary income maintenance case worker for the Luzerne County Assistance Office (Luzerne CAO).[2] In June 2024, dissatisfied with a performance review, Donahue filed an appeal with the Commission. In his appeal, Donahue alleged retaliation and discriminatory practices by the Luzerne CAO site administrator, executive director, his direct supervisors, and "other unknown . . . administrators" that delayed his appointment to a regular status employee, while favoring Hispanic employees or relatives of the administrators.[3] *See* Appeal Req., 6/30/24, at 2 (unpaginated).

During discovery, in September 2024, Donahue submitted twenty-one subpoena requests,[4] in response to which DHS objected. In October 2024, the Commission granted subpoenas for four of the requested items with modifications and denied seventeen requested items as irrelevant or overly broad. *See* Comm'n Letter, 10/22/24.

In November 2024, Donahue commenced this litigation by filing a dual-jurisdiction petition against the Commission and DHS. Specifically, Donahue appeals the subpoena determination as a collateral order, which he argues has severely restricted his ability to establish disparate treatment and unjustly narrowed

---

[1] This background is derived from Donahue's pleadings and the record certified to this Court.

[2] At some point, Donahue's probationary status expired, and he was not granted regular status. *See* Pet'r's Obj. to DHS' Mot. to Dismiss, 9/15/24, ¶27. This document appears in the agency record certified to this Court at C.R. 460.

[3] A scheduled evidentiary hearing was stayed pending resolution of this litigation.

[4] Examples of Donahue's subpoena requests included the following: (1) a complete copy and answer key to the Medical Assistance Assessment given to Donahue's cohort of Pennsylvania Income Maintenance Caseworkers; (2) DHS employees' citizenship and residence status; (3) copies of communication records containing any complaints about Donahue; (4) unfettered remote access to DHS's online case management system; and (5) immediate remote access to all employee email accounts. *See* Req. for Subpoena, 9/3/24, at 2, 23-24, 40-41*;* Req. for Subpoena, 9/30/24, at 2.

the scope of his appeal. In response, the Commission has filed an application for summary relief, asserting that its subpoena determination is an interlocutory order that is not appealable at this time. Additionally, Donahue has petitioned for mandamus relief, and DHS has demurred.[5]

Following briefing by the parties, the application for summary relief and preliminary objections are ready for adjudication.

## II. DISCUSSION

### A. Interlocutory appeal[6]

Initially, we address Donahue's appeal. As a general rule, a litigant may only appeal from a final order. *Rae v. Pa. Funeral Dirs. Ass'n*, 977 A.2d 1121, 1124 (Pa. 2009); Pa.R.A.P. 341(a). Further, in general, discovery orders are not considered final orders and are not appealable until there has been a final judgment in the underlying litigation. *K.H. v. Dep't of Hum. Servs.*, 315 A.3d 178, 182 (Pa. Cmwlth. 2024) (citation omitted).

Nevertheless, a litigant may appeal as of right from a collateral order issued by an administrative agency. Pa.R.A.P. 313(a). Under the collateral order

---

[5] Specifically, Donahue seeks a court order compelling DHS to (1) assign a married couple employed at Luzerne CAO serving in leadership roles to separate offices; (2) reverse the hiring of immediate familial relatives that occurred over the past decade; (3) modify the electronic client information system to calculate the mean welfare applicant's salaries; (4) treat all welfare applicant couples who have children and live together as married couples; (5) expedite consideration of SNAP applicants who were recently denied due to verification issues; (6) permit caseworkers to take up to two hours to consider applications; (7) reduce unnecessary calls assigned to caseworkers from processing centers; (8) consolidate and assign applications by Spanish-speaking applicants only to bilingual caseworkers in order to increase their caseload; and (9) to terminate employees who allow their spouses and underaged children to travel to Puerto Rico and other Central American countries to attend cockfights and other animal fights. *See* Pet. for Rev. at 14-30.

[6] Whether an order is appealable under the collateral order doctrine is a question of law for which our standard of review is *de novo* and our scope of review is plenary. *Rae v. Pa. Funeral Dirs. Ass'n*, 977 A.2d 1121, 1126 n.8 (Pa. 2009).

doctrine, an interlocutory order is appealable if three requirements are met: "(1) the order is separable from, and collateral to, the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that, if review is postponed until final judgment in the case, the claim will be irreparably lost." *H.R. v. Dep't of Pub. Welfare*, 676 A.2d 755, 759 (Pa. Cmwlth. 1996); Pa.R.A.P. 313(b).

These requirements are narrowly construed, and each requirement must be satisfied before this Court may review the order. *Id.* at 1126 (explaining that an "overly permissive interpretation" of Rule 313 would undermine the final order rule as well as interlocutory appeals by permission). If an appellant fails to establish each requirement, this Court will quash the appeal. *K.H.*, 315 A.3d at 185; *H.R.*, 676 A.2d at 760.

The Commission has filed an application for summary relief in response to Donahue's appeal. Pursuant to Pennsylvania Rule of Appellate Procedure 1532(b), "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b). "Summary relief on a petition for review is similar to the relief provided by a grant of summary judgment." *Scarnati v. Wolf*, 173 A.3d 1110, 1118 (Pa. 2017). Accordingly, the Court will grant summary relief only when the moving "party's right to judgment is clear and no material issues of fact are in dispute." *Cook v. Pa. Lab. Rels. Bd.*, 315 A.3d 885, 895 (Pa. Cmwlth. 2022) (citation omitted). Furthermore, "[t]he record is to be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Scarnati*, 173 A.3d at 1118.

4

In support of its application, the Commission contends that an appeal from its subpoena determination fails the second and third requirements of the collateral order doctrine.[7] *See* Comm'n's Br. at 8-11. Regarding the second requirement, the Commission asserts that the reasons Donahue cites in support of his appeal relate solely to his personal interests in the underlying litigation rather than rights deeply rooted in public policy interests generally accepted as sufficiently important to warrant immediate review. *See id.* at 9-10. As for the third requirement, the Commission maintains that Donahue retains his right to challenge the subpoena determination after the Commission issues a final decision and, if successful, the subpoenas could be issued and the record reopened for the consideration of additional evidence. *Id.* at 10.

We agree with the Commission. "[I]t is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Ben v. Schwartz*, 729 A.2d 547, 552 (Pa. 1999) (concluding that questions related to executive or statutory privilege implicate sufficiently important rights rooted in public policy); *K.H.*, 315 A.3d at 182 (recognizing that an individual's constitutional right to reputation constitutes a sufficient right to warrant immediate review). Further, this Court has soundly rejected immediate review of discovery orders that have *denied* access to information because "the propriety of the discovery denial will not be irrevocably lost if review is postponed but subject to review on appeal." *K.H.*, 315 A.3d at 186 (noting that any deficiencies in investigating and preparing for trial can be remedied with a new hearing to consider additional evidence) (citing *Commonwealth v. Sabula*, 46 A.3d 1287, 1293 (Pa. Super. 2012)).

---

[7] The parties do not dispute the first prong is met. *See* Answer, 12/31/24, at 4; Appl. for Summ. Relief, 12/18/24, ¶ 10.

Here, Donahue has offered no clear statement asserting an important interest that would potentially go unprotected absent immediate appellate review. In passing, Donahue has referenced his right to reputation, but it is far from clear whether that is at issue in the subpoena determination,[8] and he has directed the Court to numerous averments in his petition, which merely document Donahue's many criticisms and accusations directed against the supervisors and administrators at Luzerne CAO. *See* Pet'r's Br. in Opp'n to Appl. for Summ. Relief, 1/13/25, at 8-12; Answer, 12/31/24, ¶¶ 12-15.

We also reject Donahue's assertion that "much of the requested evidence is being purged and will no longer exist by the end of the hearing process below, much less an appeal from that process." Pet'r's Br. in Opp'n to Appl. for Summ. Relief at 24; *See* Answer, 12/31/24, at ¶ 18 (asserting that the evidence he seeks "is destroyed by regular ongoing updates"). There is no evidence that DHS is destroying evidence requested by Donahue, but if there were such evidence, there are remedies for such conduct. *See, e.g., King v. Pittsburgh Water & Sewer Auth.*, 139 A.3d 336, 345 (Pa. Cmwth. 2016) (recognizing that the spoliation of evidence is subject to a range of sanctions). In any event, as this Court recognized in *K.H.*, the propriety of the Commission's subpoena decision can be addressed after a final decision is reached. *See K.H.*, 315 A.3d at 186.

Donahue has not established all three requirements of the collateral order doctrine. Accordingly, we grant the Commission's application for summary

---

[8] Relating to his right to reputation, Donahue's passing reliance on *K.H. v. Dep't of Hum. Servs.*, 315 A.3d 178 (Pa. Cmwlth. 2024), is misplaced. *See* Pet'r's Br. in Opp'n to Appl. for Summ. Relief, at 12. In that case, the petitioner sought immediate review of an order denying his request for discovery related to a decision by the Department of Human Services to place the petitioner on a statewide database as a perpetrator in an indicated report of child abuse. *K.H.*, 315 A.3d at 180. There is simply no analogous request made by Donahue in this case. *See, supra*, at n.4

relief and quash Donahue's appeal. *See K.H.,* 315 A.3d at 185; *Cook,* 315 A.3d at 895; *H.R.,* 676 A.2d at 760.

### B. Mandamus

We also address the preliminary objections filed by DHS. In considering a demurrer, we "must decide whether it is clear from the well-pleaded facts and reasonable inferences from those facts that the claimant has not established a right to relief." *Yocum v. Pa. Gaming Control Bd.,* 161 A.3d 228, 233-34 (Pa. 2017) (cleaned up). "Because a demurrer challenges the legal sufficiency . . . , it should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted." *Garcia v. Am. Eagle Outfitters, Inc.,* 331 A.3d 541, 547 (Pa. 2025) (cleaned up).

Donahue seeks mandamus relief. *See* Pet. for Rev., ¶¶50-93. "A proceeding in mandamus is an extraordinary action at common law and is available only to compel the performance of a ministerial act or mandatory duty where there exists no other adequate and appropriate remedy; there is a clear legal right in the [petitioner], and a corresponding duty in the [respondents]." *McCray v. Pa. Dep't of Corr.,* 872 A.2d 1127, 1131 (Pa. 2005) (cleaned up). A petitioner must meet all three criteria for a writ of mandamus to issue. *Id.* at 1133; *see also Dotterer v. Sch. Dist. of City of Allentown,* 92 A.3d 875, 881 (Pa. Cmwlth. 2014) ("If any one of the foregoing elements is absent mandamus does not lie.").

Importantly, mandamus is not an appropriate vehicle to establish rights, "but only to enforce rights that have been established." *Smires v. O'Shell,* 126 A.3d 383, 387 (Pa. Cmwlth. 2015). Additionally, while a public official's refusal to exercise discretion may be addressed in a mandamus action, "mandamus is not used to force an official to exercise his discretion toward a result that a plaintiff may

believe wise or desirable." *Chadwick v. Dauphin Cnty. Off. of Coroner*, 905 A.2d 600, 604 (Pa. Cmwlth. 2006).

In support of its demurrer, DHS contends that Donahue has established neither a clear right to the relief he has requested nor a corresponding duty in DHS to provide Donahue relief. *See* DHS's Br. at 6-14; DHS's Prelim. Objs., 12/11/24, ¶¶ 6-10. In short, we agree.

Donahue has proposed numerous changes to DHS policies and procedures, *see supra* at n.5, which Donahue believes are in the public interest. *See* Pet'r's Br. at 23. In support of these proposals, Donahue rather obliquely cites to several sections of the Public Official and Employee Ethics Act, *see* 65 Pa.C.S. §§ 1101-1113, but this Act vests no clear right in Donahue or any other well-intentioned individual to develop or revise policies to administer public assistance programs. *See generally id.* Rather, the General Assembly has firmly vested such authority in DHS. *See, e.g.*, Section 403.1 of the Human Services Code,[9] 62 P.S. § 403.1 (authorizing DHS "to establish rules, regulations, procedures and standards consistent with law as to the administration of programs providing assistance, . . . ").

Similarly, there is no authority conferring upon Donahue the right to revise personnel policies. As noted by DHS, these are matters of managerial and executive judgment and discretion, subject to statutory constraint. *See generally* Civil Service Reform Act, 71 Pa.C.S. §§ 2101 – 3304; *see, e.g.*, 71 Pa.C.S. §§ 2301 (providing that the Office of Administration shall administer employment examinations from which lists of eligible applicants shall be selected for employment), 2502 (governing transfers and reassignments), 2607 (prohibiting the removal of regular employees in the classified service, except for just cause).

---

[9] Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §§ 101-1503.

8

Donahue has not established a clear right to the relief he seeks. Further, the specific proposals he demands of DHS are not mandatory duties but instead touch upon administrative matters either left to DHS's judgment and discretion or otherwise limited by law. Therefore, we sustain DHS's preliminary objections. *See McCray*, 872 A.2d at 1131; *Chadwick*, 905 A.2d at 604.

### III. CONCLUSION

The Commission's subpoena determination is not an appealable collateral order. Further, Donahue's petition for writ of mandamus fails to identify a clear legal right to relief but instead seeks to mold DHS' judgment and discretion. Accordingly, we grant the Commission's application for summary relief and quash Donahue's appeal, and we sustain DHS's preliminary objections and dismiss Donahue's petition for writ of mandamus with prejudice.[10]

---

[10] In its brief to this Court, DHS purportedly demurs to Donahue's whistleblower claim. *See* DHS's Br. at 1, 5, 14-16. We decline to consider these arguments because DHS has not filed preliminary objections in the nature of a demurrer to a whistleblower claim filed by Donahue in this Court. *See* DHS's Prelim. Objs.; *see also* Pa.R.Civ.P. 1028(b) (that "[a]ll preliminary objections shall be raised at one time . . . [and] state specifically the grounds relied upon . . . ."). Ultimately, this is of no moment. Donahue has not pleaded a whistleblower claim in this Court; rather, his claims of retaliation and disparate treatment are the subject of the underlying litigation before the Commission. *See, e.g.*, Donahue's Appeal Req., 6/30/24, at 2 (unpaginated) (appealing to the Commission and alleging that "supervisors retaliate against me for lodging my complaints about them"); *see also, e.g.*, Pet. for Rev., ¶ 46 (requesting appellate relief re: subpoenas so "the scope of [his] appeal at SCSC 31382 not be constrained"), Ex. (Email, 3/28/24 (addressed to the Commission, adding a whistleblower claim to his appeal)). *Note:* The email appears at p. 101 of the agency record certified to this Court.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,                          :
                    Petitioner        :
                                     :   No. 539 M.D. 2024
               v.                  :
                                     :
PA Department of Human Services           :
and The Pennsylvania State Civil          :
Service Commission,                       :
                    Respondents       :

**PER CURIAM**

## O R D E R

AND NOW, this 15th day of December, 2025, the application for summary relief filed by the Pennsylvania State Civil Service Commission is GRANTED, and the petition for review filed by Sean M. Donahue is QUASHED to the extent he seeks appellate review of the Commission's decision issued on October 22, 2024. Additionally, the preliminary objections filed by the PA Department of Human Services are SUSTAINED, and Mr. Donahue's petition for review is otherwise DISMISSED with prejudice.