J-A29012-23

2024 PA Super 10

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
JAMES LAWRENCE :
:
Appellant : No. 987 WDA 2022

Appeal from the PCRA Order Entered July 26, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012037-2013

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

OPINION BY BOWES, J.:                    **FILED: January 22, 2024**

James Lawrence appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA") for lack of merit. We vacate the order and remand for further proceedings.

This case has an extensive history predating these PCRA proceedings that need not be recounted in full herein. In short, Appellant was convicted of third-degree murder and carrying a firearm without a license and was sentenced to an aggregate term of seventeen to thirty-four years of imprisonment. His direct appeal, in which he challenged the weight of the evidence, merited no relief. ***See Commonwealth v. Lawrence***, 158 A.3d 183 (Pa.Super. 2016) (unpublished memorandum), *appeal denied*, 166 A.3d 1212 (Pa. 2017).

Appellant filed a timely PCRA petition and the PCRA court appointed counsel. Subsequently, Appellant retained private counsel, who filed an amended petition. Therein, Appellant raised claims that trial counsel was ineffective in failing to (1) object to the expert testimony of Detective James McGee, (2) impeach witness Lateesha Jones with a *crimen falsi* conviction and her prior inconsistent statements, and (3) request an instruction pursuant to ***Commonwealth v. Kloiber***, 106 A.2d 820 (Pa. 1954), concerning two witnesses' identification of Appellant. He also alleged that the prosecution violated ***Brady v. Maryland***, 373 U.S. 83 (1963), by withholding evidence of Ms. Jones's prior conviction and by not disclosing favorable plea offers extended to Appellant's co-defendants.

The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing, but elected to schedule a hearing after receiving Appellant's response.[1] The hearing, delayed due to the COVID-19 pandemic, was ultimately conducted on February 14, 2022. At the conclusion of the proceeding, the PCRA court granted counsel leave to file a brief concerning the issues raised. After counsel failed to do so, the PCRA court dismissed Appellant's petition by order of July 26, 2022. Appellant timely filed a *pro se*

---

[1] The trial judge, the Honorable Edward J. Borkowski, recused himself after appointing PCRA counsel and the case was reassigned to the Honorable Jill Rangos for the subsequent PCRA proceedings.

notice of appeal, hired counsel was permitted to withdraw, and another attorney was appointed to represent Appellant on appeal.

Appellant's new counsel filed a Pa.R.A.P. 1925(b) statement that included the issues outlined above. He also filed a motion for the PCRA court to determine whether Appellant forfeited his right to counsel by failing to cooperate. This Court entered an order directing the PCRA court to entertain counsel's motion or, in the alternative, to consider whether Appellant wished to proceed *pro se* upon conducting a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). Before the PCRA court was able to comply, Appellant obviated this Court's order by hiring present PCRA counsel to represent him. Present counsel requested and received an extension of time to file a supplemental Rule 1925(b) statement.

In the supplemental statement, Appellant challenged the effectiveness of prior PCRA counsel by identifying claims that they allegedly failed to raise or properly litigate. ***See Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021) ("[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."). Those issues involved trial counsel's failure to investigate and litigate an alibi defense or to object to the trial court's identification jury instruction, as well as prior PCRA counsel's posturing of the claim concerning Ms. Jones's impeachment. Since the PCRA court had not yet considered the substance of Appellant's

*Bradley* claims, it requested in its Rule 1925(a) opinion that this Court remand the case for development of the record on those issues. The court did not offer a discussion of the issues that were litigated at the PCRA hearing. *See* PCRA Court Opinion, 1/4/23, at 3-4.

This Court issued a briefing schedule with which Appellant failed to comply. We again entered a *per curiam* order remanding the matter to the PCRA court, this time for a determination as to whether present counsel had abandoned Appellant. The PCRA court entered an order finding that counsel had not. Appellant next filed in this Court an application for remand, indicating that present counsel had mistakenly assumed that the case would be remanded as requested in the PCRA court's opinion without further filings, and requesting that the remand be ordered. This Court denied the application without prejudice to raise the issue in Appellant's brief.

> In that brief, Appellant states the following issue for our review:
>
> Should this Court honor the [PCRA] court's request and remand this matter to permit the PCRA court to evaluate and rule on claims of [Attorney Pass's] ineffectiveness for failing to raise claims of trial counsel ineffectiveness that were timely and properly raised pursuant to [*Bradley*, *supra*], as well as other claims for relief not addressed in its Rule 1925 opinion?

Appellant's brief at 2 (unnecessary capitalization omitted).

At the outset, we clarify that *Bradley* did not guarantee a PCRA petitioner substantive review of claims of PCRA counsel's ineffectiveness, nor did it create an absolute right to remand for development of those claims. As our Supreme Court has reiterated:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, **to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness**; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

*Commonwealth v. Parrish*, 273 A.3d 989, 1002 (Pa. 2022) (quoting

*Bradley*, *supra* at 402 (cleaned up, emphasis added)).

In advocating for remand in the instant case, Appellant points to the PCRA court's concurrence that the matter should be remanded, and bemoans that the supplemental concise statement, which was Appellant's first opportunity to raise his *Bradley* allegations, was not an appropriate vehicle to develop such claims. *See* Appellant's brief at 8. Appellant further asserts that the development cannot be done in the appellate brief because "doing so would necessarily require reference to matters outside of the certified record." *Id*. Appellant further notes that, since the PCRA court did not address the claims that were litigated below in its Rule 1925(a) opinion, remand would be necessary in any event for this Court to conduct an appropriate review. *Id*.

We begin by noting that, to establish a *prima facie* claim of ineffective assistance of counsel, a petitioner must plead and offer to prove each of the following:

- 5 -

(1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

***Commonwealth v. Grayson***, 212 A.3d 1047, 1054 (Pa.Super. 2019) (cleaned up). "The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail." ***Commonwealth v. Davis***, 262 A.3d 589, 595–96 (Pa.Super. 2021).

Accordingly, to demonstrate the propriety of a remand here, present counsel should have, either in the petition for remand or in Appellant's brief, explained to this Court how further development of the factual record would satisfy all three prongs of this test as to each of prior PCRA counsel's alleged failings. However, as the Commonwealth properly observes, Appellant's brief "contains no argument in support of the claims raised in the supplemental concise statement." Commonwealth's brief at 27. Based upon the case law above, simply noting in Appellant's brief that he has complaints and that the PCRA court requests a remand is inadequate to warrant a remand. ***See Parrish***, ***supra*** at 1006 ("To be entitled to a remand, Parrish must provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness. That is, he must establish that there are issues of material facts concerning claims challenging counsel's stewardship and that relief may be available."). Instead, counsel should have presented the claims to this Court as if they were being pled in the PCRA petition itself.

Nonetheless, since we find the requisite allegations in the certified record, we shall not punish Appellant for counsel's failure to appreciate the nuances of this developing area of the law. Specifically, in the supplemental Rule 1925(b) statement, present counsel detailed the underlying claims sufficiently to convince us that they have arguable merit, the potential for prejudice, and present material issues of fact that the PCRA court will be required to resolve in order to rule upon whether they entitle Appellant to relief. **See** Supplemental Pa.R.A.P. 1925(b) statement, 12/12/22, at 4-7.

The Commonwealth concedes "that there may be a basis for this Court to remand this case for further proceedings." Commonwealth's brief at 31. However, it maintains that some of the underlying issues, particularly those involving Ms. Jones's impeachment and the prosecution's disclosure of the plea offers extended to Appellant's co-defendants, are capable of review based upon the existing record.[2] **See** Commonwealth's brief at 28-29.

---

[2] In this vein, we observe that our High Court has recently granted allowance of appeal to decide:

> Whether a court on appeal should rule on the merits of an existing appeal of a PCRA court order before remanding a case where a PCRA petitioner raised new/additional layered claims of PCRA counsel's ineffectiveness pursuant to [**Bradley**, **supra**,] for the first time before the appellate court, where there were issues of merit that could have been disposed of prior to remand for new issues.

**Commonwealth v. Greer**, 303 A.3d 1053, 1054 (Pa. 2023) (cleaned up).

Here, though, because the PCRA court did not explain its fact finding or basis for dismissing the claims that were litigated before it, we find ourselves unable to conduct proper appellate review. *See*, *e.g.*, *Commonwealth v. Hand*, 252 A.3d 1159, 1165 (Pa.Super. 2021) (explaining that, "[w]ith the exception of the PCRA court's legal conclusions, our standard of review is deferential," and that the PCRA court's credibility determinations are binding upon us).

Therefore, we conclude that the best course of action is to vacate the July 26, 2022 order denying Appellant's PCRA petition and remand for the PCRA court to consider in the first instance the claims present counsel has raised pursuant to *Bradley*. We leave to the PCRA court's discretion the extent and manner of the additional evidence to be developed concerning the new claims. Thereafter, the PCRA court shall enter a new final order disposing of all claims Appellant has raised in connection with the instant PCRA petition,[3] after which any aggrieved party may seek appellate review.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Kunselman joins this Opinion.

---

[3] *See Commonwealth v. Bradley*, 261 A.3d 381, 404 (Pa. 2021) ("[W]e deem the consideration on collateral appeal of claims of PCRA counsel ineffectiveness to spring from the original petition itself, and that doing so does not amount to impermissibly allowing a 'second or subsequent' serial petition[.]").

Judge Murray concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/22/2024