J-S23025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON ANDERSON | : | |
| | : | |
| Appellant | : | No. 1952 EDA 2023 |

Appeal from the PCRA Order Entered June 29, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001233-2014

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED OCTOBER 2, 2024**

Appellant, Jason Anderson, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. Following a bench trial on October 9, 2018, the court convicted Appellant of carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, and impersonating a public servant.[2] On December 12, 2018, the court sentenced Appellant to an aggregate term of six (6) to twelve (12) years' imprisonment, followed by two (2) years of probation. This Court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 6106(a)(1), 6108, and 4912, respectively.

affirmed the judgment of sentence on March 19, 2021, and our Supreme Court denied Appellant's petition for allowance of appeal on August 3, 2021. **See Commonwealth v. Anderson**, 251 A.3d 1252 (Pa.Super. 2021) (unpublished memorandum), *appeal denied*, ___ Pa. ___, 260 A.3d 76 (2021).

On February 22, 2022, Appellant timely filed a *pro se* PCRA petition. In it, Appellant argued that trial counsel was ineffective for: 1) failing to seek reargument or file a petition for allowance of appeal in conjunction with a prior interlocutory appeal; 2) failing to call an expert witness at trial; 3) failing to object to certain instances of prosecutorial misconduct; 4) failing to request a mistrial based upon comments from the judge; 5) conceding Appellant's guilt during the closing argument; and 6) failing to file a post-sentence motion. The court appointed counsel ("first PCRA counsel"), who filed an amended petition on March 31, 2022. In the amended petition, first PCRA counsel included Appellant's claims regarding trial counsel's ineffectiveness for failing to call an expert witness and conceding Appellant's guilt during the closing argument. (**See** Amended PCRA Petition, filed 3/31/22, at ¶¶6-14). Despite the filing of the amended petition, Appellant subsequently submitted numerous *pro se* motions and petitions. In the *pro se* filings, Appellant continued to advance the claims he initially presented in his February 2022 *pro se* petition.

On April 3, 2023, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907. First

PCRA counsel did not respond to the Rule 907 notice, but Appellant filed a *pro se* response on May 24, 2023. On June 29, 2023, the court dismissed Appellant's PCRA petition. The court also permitted first PCRA counsel to withdraw and appointed new counsel ("second PCRA counsel") to represent Appellant on appeal.[3] On July 21, 2023, second PCRA counsel timely filed a notice of appeal. On July 27, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Second PCRA counsel filed a Rule 1925(b) statement on August 2, 2023. On October 17, 2023, private counsel ("current counsel") entered his appearance on Appellant's behalf in this Court.

Appellant now raises one issue for this Court's review:

> Whether this case should be remanded with instructions to address the PCRA issues Appellant attempted to raise?

(Appellant's Brief at 5).[4]

Appellant contends that first and second PCRA counsel provided ineffective assistance, and he relies on **Commonwealth v. Bradley**, ___ Pa. ___, 261 A.3d 381 (2021), for the proposition that this Court must remand

---

[3] The certified record does not include a formal motion to withdraw from first PCRA counsel.

[4] In his statement of questions presented, Appellant included two additional issues which second PCRA counsel had raised in Appellant's Rule 1925(b) statement. Nevertheless, Appellant concedes that those issues lack merit and does not advance an argument in support of those claims. Thus, we consider only the third issue raised in Appellant's statement of questions presented. (**See id.** at 4-5).

his case for further proceedings. Specifically, Appellant asserts that he presented six issues in his *pro se* PCRA petition. Appellant complains that "[a]ll 6 issues were ignored by both [first and second PCRA] counsel." (**Id.** at 13). Appellant insists that if first PCRA counsel did not want to advance the issues set forth in Appellant's *pro se* petition, then first PCRA counsel should have submitted a "no-merit" letter. Appellant maintains that second PCRA counsel also erred because the issues he preserved in the Rule 1925(b) statement "are wholly lacking in merit and should never have been raised." (**Id.** at 10). Under these circumstances, Appellant concludes that this Court must remand this case for an evidentiary hearing to develop a factual record on the ineffective assistance of prior PCRA counsel. We disagree.

In **Bradley, supra**, our Supreme Court held that "a petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at ___, 261 A.3d at 401. The Supreme Court further stated that in some cases, "an appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter." **Id.** at ___, 261 A.3d at 402. Nevertheless, this Court has explained:

> [t]here is no absolute right to an evidentiary hearing on a [PCRA] petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact

which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. McCready***, 295 A.3d 292, 298 (Pa.Super. 2023) (internal citation omitted).

Indeed, as this Court has recently clarified: "***Bradley*** did not guarantee a PCRA petitioner substantive review of claims of PCRA counsel's ineffectiveness, nor did it create an absolute right to remand for development of those claims." ***Commonwealth v. Lawrence***, 309 A.3d 152, 155 (Pa.Super. 2024). "Consistent with our prior case law, **to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness**[.]" ***Id.*** (quoting ***Commonwealth v. Parrish***, __ Pa. ___, ___, 273 A.3d 989, 1002 (2022) (emphasis added)). To demonstrate the propriety of a remand, present counsel must, "either in [a] petition for remand or in [the appellate] brief, [explain] to this Court how further development of the factual record would satisfy all three prongs of [the] test [for ineffectiveness] as to each of prior PCRA counsel's alleged failings." ***Id.*** at 155-56.

In evaluating a claim of ineffectiveness, we are cognizant of the following principles. "Counsel is presumed to have rendered effective assistance." ***Commonwealth v. Hopkins***, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence,

ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111 (2011).

In this case, current counsel is Appellant's fourth attorney. Therefore, Appellant must now present a "layered" claim of ineffective assistance, referring to trial counsel and first and second PCRA counsel's ineffectiveness. "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa.Super. 2010).

Instantly, Appellant's brief on appeal fails to develop any argument regarding all prior counsels' purported ineffectiveness. Appellant does not discuss or apply the three-part test for ineffective assistance, and he fails to

acknowledge the need for presentation of a "layered" claim of ineffectiveness. As this Court has observed, "simply noting in Appellant's brief that he has complaints … is inadequate to warrant a remand." *Lawrence, supra* at 156.[5] Although Appellant's brief includes an assertion that first and second PCRA counsel ignored the issues presented in the initial, *pro se* petition, the record belies this claim. First PCRA counsel's amended petition specifically raised two of the issues presented in the *pro se* PCRA petition. (*See* Amended PCRA Petition, filed 3/31/22, at ¶¶6-14). Thus, absent any meaningful analysis of the test for ineffectiveness in Appellant's brief or elsewhere in the record, Appellant's boilerplate assertions do not warrant remand for further review. *See Bradley, supra*; *Lawrence, supra*. Accordingly, Appellant is not entitled to relief, and we affirm the order denying PCRA relief.

Order affirmed.

_____

[5] Despite the briefing deficiencies in *Lawrence, supra*, this Court was able to consider the appellant's ineffectiveness claims because it found these claims developed elsewhere in the certified record. On this point, we cannot say that Appellant's case is analogous. We have evaluated Appellant's various *pro se* filings from the PCRA court where he attempted to advance his ineffectiveness claims, and these filings also underdeveloped assertions of ineffectiveness. (*See Pro Se* Supplemental Petition, filed 4/18/22, at 1-2; *Pro Se* Petition for Discovery, filed 5/23/22, at i-ii; *Pro Se* Amended PCRA Petition, filed 5/23/22, at ¶¶1-4; *Pro Se* Amended PCRA Petition, filed 3/24/23, at 7-9; and *Pro Se* Response to Rule 907 Notice, filed 5/24/23, at 1-13).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/02/2024