J-S29019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OBATAIYE SCOTT | : | |
| | : | |
| Appellant | : | No. 164 WDA 2023 |

Appeal from the PCRA Order Entered February 1, 2023
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000962-2018

BEFORE: DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.: **FILED: January 24, 2025**

Appellant, Obataiye Scott, appeals *pro se* from the order entered in the Fayette County Court of Common Pleas, which denied his petition filed pursuant to the Post Conviction Relief Act.[1] We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with attempted homicide and related offenses in connection with a shooting that took place at a housing complex named South Hills Terrace. At trial, Jennifer Mapstone ("Victim") testified that on July 9, 2017, she was standing outside her residence at South Hills Terrace, speaking with Cedric Harrison, when her niece's car drove into the housing complex. Appellant exited her niece's car and approached Mr. Harrison.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Appellant and Mr. Harrison got into a verbal argument, which escalated into a physical fight that lasted for a couple of minutes. Appellant then walked towards Victim's niece's car and ran back with a gun. Appellant began shooting towards where Mr. Harrison and Victim were standing. Victim was struck by a bullet in the arm and the stomach. Victim was transported to UPMC Presbyterian Hospital, where she underwent multiple surgeries to treat her injuries.

In the middle of cross-examining Victim, Appellant's counsel and the prosecutor had a conversation with the court at sidebar. Appellant's counsel inquired whether the Fayette County District Attorney's Office ("DA's Office") agreed to reduce charges filed against Victim's daughter, Justice Mapstone, in exchange for Victim's testimony against Appellant. The prosecutor acknowledged that Victim's daughter had a case against her but stated that the proceedings in that case had nothing to do with Appellant's case. In reliance on the prosecutor's assertion, Appellant's counsel decided not to pursue cross-examination as to any agreement between Victim and the DA's Office. Multiple other witnesses testified that Appellant was at South Hills Terrace at the time of the shooting, but Victim provided the only testimony that identified Appellant as the shooter. Appellant did not testify, nor did he call any witnesses in his defense.

On March 4, 2020, the jury convicted Appellant of attempted murder, simple assault, recklessly endangering another person, possession of a firearm prohibited, firearms not to be carried without a license and two counts

of aggravated assault. The court sentenced Appellant to an aggregate term of 9 to 18 years' incarceration on May 8, 2020. Appellant initiated a direct appeal but subsequently filed a *pro se* motion to discontinue his appeal. On March 31, 2021, this Court granted Appellant's motion to discontinue his direct appeal.

On April 19, 2021, Appellant filed a timely *pro se* PCRA petition. The court initially appointed counsel but Appellant subsequently acquired private counsel, who filed an amended PCRA petition on September 9, 2022. The amended petition alleged various claims that trial counsel provided ineffective assistance of counsel. Appellant alleged, in part, that trial counsel failed to call witnesses that would have provided exculpatory evidence and failed to use available evidence to impeach Victim's testimony.

On January 10, 2023, the court conducted a PCRA hearing. PCRA counsel called Megan Adams to testify, who stated that she saw Appellant at South Hills Terrace on the night of the shooting and did not see him possess or shoot a firearm that night. She further testified that a car pulled into South Hills Terrace and two unknown individuals exited the car immediately prior to when she heard gunshots. When questioned whether she saw who fired the shots, Ms. Adams testified as follows:

> Q.  Did you see who fired the shots?
>
> A.  I didn't.
>
> Q.  Did you see [Appellant] fire a firearm?

A.      I didn't.

Q.      The individuals that pulled up in the vehicle, did you see them with firearms?

A.      Yes.

Q.      Were you able to identify those individuals?

A.      No, sir.

Q.      Were they male or females?

A.      I couldn't decipher between the two.

Q.      What type of vehicle were they driving?

A.      It was a dark SUV.

Q.      Did you ever see [Appellant] return fire?

A.      No.

Q.      Did you see anyone else fire a weapon that night?

A.      Those people that got out of the vehicle.

Q.      Other than those two individuals?

A.      No.

(N.T. PCRA Hearing, 1/10/23, at 15).  Ms. Adams further testified that she spoke with Appellant's trial counsel prior to trial, provided him with a written statement of what she witnessed, informed him that she would be willing to testify to those facts at Appellant's trial, but was not called to testify. Appellant admitted into evidence Ms. Adams' written statement, which was dated 6/27/19 and stated that she witnessed two unknown individuals exit a car at South Hills Terrace and shoot at Appellant on the night in question.

Additionally, PCRA counsel admitted into evidence a social work progress note from UPMC Presbyterian Hospital which stated that Victim reported that an unknown individual drove by and shot her. PCRA counsel further admitted DNA analysis reports which tested the DNA found on shell casings recovered from the scene. The report concluded that the DNA recovered from the casings of a 380 Auto WIN firearm was consistent with an unidentified female and that Appellant could not be included as a contributor to the DNA profile. Trial counsel did not introduce these documents at Appellant's trial. The Commonwealth stipulated that the social work progress note and the DNA analysis reports were authentic and provided to Appellant's trial counsel prior to trial. PCRA counsel did not call Appellant's trial counsel to testify. On February 1, 2023, the court denied Appellant's PCRA petition, concluding, in part, that Appellant failed to put forth evidence to establish his claims.

Appellant timely filed a notice of appeal on February 9, 2023. On February 16, 2023, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on March 7, 2023. On September 18, 2023, Appellant filed a *pro se* motion in this Court seeking to remand. Appellant raised claims of PCRA counsel's ineffectiveness pursuant to **Commonwealth v. Bradley**, 669 Pa. 107, 261 A.3d 381 (2021) and requested to proceed *pro se* pursuant to **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998). On October 5, 2023, Appellant's PCRA counsel filed a motion to withdraw as counsel. In

response to both motions, this Court remanded the matter to the PCRA court to rule on the motion to withdraw and conduct a ***Grazier*** hearing.

The PCRA court held a hearing on December 8, 2023, at the conclusion of which the court granted PCRA counsel's motion to withdraw and permitted Appellant to proceed *pro se* on appeal. The court did not hear evidence or argument on Appellant's ***Bradley*** claims. On March 7, 2024, Appellant filed an application for relief in this Court, seeking a remand so that he can raise an additional claim based on newly discovered evidence of a ***Brady***[2] violation. On April 19, 2024, this Court denied Appellant's request for remand but permitted Appellant to file a supplemental brief in support of his claim that the Commonwealth violated ***Brady***. Appellant timely complied on May 6, 2024.[3]

Appellant raises the following issues on appeal:

> Whether the PCRA court erred in denying [Appellant's] PCRA petition for ineffective assistance of counsel when trial counsel failed to call a material eyewitness favorable to the defense to testify at trial?
>
> Whether the PCRA court erred in denying [Appellant's] PCRA petition for ineffective assistance of counsel when trial counsel failed to confront Mapstone with a statement made to a hospital caseworker that was inconsistent with her trial testimony?
>
> Whether the PCRA court erred in denying [Appellant's] PCRA

---

[2] ***Brady v. Maryland,*** 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding prosecution's suppression of evidence favorable to accused, when requested, constitutes due process violation).

[3] The Commonwealth did not file a brief in response to Appellant's principal or supplemental brief.

petition for ineffective assistance of counsel when trial counsel failed to call the forensic DNA scientist to testify at trial that the DNA found on the shell casings at the scene did not match [Appellant] and failed to introduce the DNA analysis into evidence?

Whether the PCRA court erred in denying [Appellant's] PCRA petition for ineffective assistance of counsel when trial counsel failed to request a mistrial following Trooper Schmid's testimony referencing [Appellant] invoking his constitutional right to remain silent?

Whether the PCRA court erred in denying [Appellant's] PCRA petition for ineffective assistance of counsel when trial counsel failed to request a mistrial following the prosecutor's statement in closing arguments that [Appellant] did not cooperate with police?

Whether the PCRA court erred in denying [Appellant's] PCRA petition for a violation of his constitutional rights when trial counsel threatened to withdraw as counsel if [Appellant] exercised his right to testify in his own defense?

Whether the PCRA court erred in denying [Appellant's] PCRA petition for ineffective assistance of counsel when trial counsel failed to object to the admission of Mapstone's shirt when the chain of custody of the shirt was not properly established?

Whether the PCRA court erred in denying [Appellant's] PCRA petition for ineffective assistance of counsel when trial counsel failed to object to Trooper Schmid's testimony regarding gun shot residue when Trooper Schmid was not qualified as an expert in gun shot residue?

Whether the PCRA court erred in denying [Appellant] the opportunity to appear in person for the PCRA hearing?

Whether this Court should remand this matter back to the PCRA court for a determination as to whether the PCRA court has jurisdiction based upon newly discovered evidence and, if so, direct the PCRA court to hold an evidentiary hearing concerning the same?

Whether PCRA counsel was ineffective for failing to raise or properly develop Appellant's claims at the PCRA hearing by showing evidence through testimony or argument that trial counsel was ineffective?

Whether PCRA counsel was ineffective for eliciting inconsistent testimony from Megan Adams at the PCRA hearing during direct examination and for failing to correct his line of questioning?

Whether PCRA counsel was ineffective for failing to object to the PCRA court's ruling denying [Appellant] the opportunity to appear in person at the PCRA hearing knowing that [Appellant's] absence would cause a direct conflict of interest between [Appellant] and PCRA counsel?

(Appellant's Brief at 12-13).

As a preliminary matter, we observe that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Bradley, supra** at 141, 261 A.3d at 401. "**Bradley** [does] not guarantee a PCRA petitioner substantive review of claims of PCRA counsel's ineffectiveness, nor [does] it create an absolute right to remand for development of those claims." **Commonwealth v. Lawrence**, 309 A.3d 152, 155 (Pa.Super. 2024). Our Supreme Court has clarified that a remand is appropriate under the following circumstances:

In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere

- 8 -

boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

*Commonwealth v. Parrish*, ___ Pa. ___, 273 A.3d 989, 1002 (2022) (citations and quotation marks omitted).

To establish a claim of ineffective assistance of counsel, a petitioner must plead and prove each of the following: "(1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different." *Lawrence, supra* at 155 (citation omitted). To be entitled to a remand, the appellant must "[explain] to this Court how further development of the factual record would satisfy all three prongs of this test as to each of prior PCRA counsel's alleged failings." *Id.* at 156.

Here, Appellant claims that PCRA counsel was ineffective for, *inter alia*, failing to call trial counsel to testify at the PCRA hearing to establish that trial counsel did not have a reasonable basis for his actions. On several issues, the PCRA court determined that Appellant's claim of trial counsel's ineffectiveness failed because Appellant failed to put forth any evidence to establish the reasonable basis prong. (*See* PCRA Court Opinion, 4/13/23, at

6-7). On these issues, the court did not make a finding as to whether Appellant's issues had arguable merit and/or resulted in prejudice. Appellant further claims that PCRA counsel was ineffective for failing to adequately present evidence and argue his claims at the evidentiary hearing. For several issues, the court determined that Appellant's claims failed because Appellant failed to adequately develop the claim at the evidentiary hearing by testimony or argument. (*See id.* at 9-10). Additionally, Appellant claims that PCRA counsel was ineffective for failing to properly question Ms. Adams to allow her the opportunity to explain any inconsistencies in her testimony, particularly about whether she saw who fired the shots on the night in question. On this issue, the court concluded that Ms. Adams' testimony was not credible and would not have changed the outcome of Appellant's trial due to inconsistencies in her testimony that she did not see who fired the shots. (*See id.* at 5-6).

Regarding the claims outlined above, Appellant's brief sufficiently argues that his claims of trial counsel's ineffectiveness would have been meritorious if they were properly presented and argued. On this record, we cannot conclude whether Appellant's underlying claims of trial counsel's ineffectiveness would have otherwise been meritorious if not for PCRA counsel's alleged ineffectiveness. As such, Appellant has established that remand is warranted for Appellant to develop his claims that PCRA counsel was ineffective. *See Lawrence, supra* (concluding remand is appropriate where PCRA court's conclusions are insufficient for this Court to conduct

proper appellate review of appellant's **Bradley** claims).

Additionally, Appellant asserts in his supplemental brief that he received a letter from the Pennsylvania Innocence Project ("PIP") on February 21, 2024, which alerted him of an undisclosed agreement between the DA's Office and Victim. In support of this claim, Appellant attached the PIP letter, dated February 21, 2024, which states that it received documents from the Fayette County Court indicating that the DA's Office entered into an agreement with Victim to testify against Appellant. Attached to the letter, PIP enclosed a document that is titled "Tentative Plea Agreement." Under terms and conditions of the agreement, it states that Victim agrees to testify against Appellant in this case. In return, the DA's Office agrees to reduce the charges brought against Victim's daughter, Justice Mapstone, from involuntary manslaughter to recklessly endangering another person. The document appears to be signed by Justice Mapstone and Victim. The other signatures are redacted. Appellant contends that this document supports a claim that the Commonwealth committed a **Brady** violation and requests this Court to remand this matter to the PCRA court to conduct an evidentiary hearing on his claim.

Based on the foregoing, we vacate the order denying PCRA relief and remand this matter to the PCRA court to conduct an evidentiary hearing on Appellant's claims of PCRA counsel's ineffectiveness. **See Lawrence, supra**. Additionally, as the undisclosed tentative plea agreement that Appellant

recently discovered facially provides evidence of a **Brady** violation, we permit Appellant to raise this issue on remand so that the PCRA court may evaluate the claim in the first instance. **See Commonwealth v. Shaw**, 665 Pa. 126, 247 A.3d 1008 (2021) (reiterating that PCRA court is appropriate forum for development of evidentiary record as appellate courts do not serve as fact-finding courts). **See also Commonwealth v. Dooley**, No. 1802 EDA 2022 (Pa.Super. filed July 30, 2024) (unpublished memorandum)[4] (remanding case to PCRA court where document supporting appellant's **Brady** claim was discovered while appeal was in process).[5] Accordingly, we vacate the order denying PCRA relief and remand for further proceedings.[6]

Order vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

_____

[4] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

[5] On August 8, 2024, Appellant filed an application for relief in this Court, seeking various grounds of relief. We grant Appellant's application for relief to the extent it seeks a remand to develop his **Brady** claim in the PCRA court. We deny the application for relief in all other respects.

[6] As Appellant's remaining issues may be implicated by the PCRA court's determinations on remand, we do not further address them.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

1/24/2025