J-A23011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                  :  PENNSYLVANIA
                                  :
            v.                     :
                                  :
                                  :
LARRY J DEAN                   :
                                  :
            Appellant        :  No. 491 WDA 2025

Appeal from the PCRA Order Entered May 6, 2025
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000571-2017

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:        **FILED: NOVEMBER 6, 2025**

Larry J. Dean appeals *pro se* from the order entered in the Jefferson County Court of Common Pleas on May 6, 2025, dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Because we agree with the PCRA court that Dean's petition was untimely and he failed to plead and prove an exception to the PCRA time-bar, we affirm the PCRA court's order denying the PCRA petition.

Due to our disposition, a detailed recitation of the underlying facts of Dean's conviction is not relevant to this appeal. However, we briefly summarized the factual and procedural history of this matter from our review of Dean's first PCRA petition as follows:

> [Dean] was arrested on August 2, 2017, in connection with a Pennsylvania State Police investigation that began in 2016 and involved the shipment of methamphetamines from Arizona to Pennsylvania. According to [Dean], he was arrested at the

Mayport Post Office picking up a package. The substance in the package field tested positive for methamphetamine, but it was not tested using GC/MS. [Dean] was one of many individuals arrested in this drug trafficking ring.

[Dean] was charged with numerous offenses. His jury trial took place in March of 2018. At the close thereof, the jury convicted [Dean] of two counts of corrupt organizations, 18 Pa.C.S.[A.] § 911(b)(3); two counts of criminal conspiracy to engage in corrupt organizations, 18 Pa.C.S.[A.] § 911(b)(4); sixteen counts of delivery of a controlled substance, 35 P.S. § 780-113(a)(30); and two counts of possession with intent to deliver a controlled substance, 35 P.S § 780-113(a)(30). On April 9, 2018, [Dean] was sentenced to an aggregate term of 65 to 193 years' incarceration. [Dean] timely appealed, and after this Court affirmed his judgment of sentence, our Supreme Court denied his petition for allowance of appeal. *See Commonwealth v. Dean*, 221 A.3d 1292 (Pa. Super. 2019) (unpublished memorandum), *appeal denied*, 228 A.3d 889 (Pa. 2020).

On July 14, 2020, [Dean] filed a *pro se* petition for writ of *habeas corpus.* On October 2, 2020, the court filed an order stating that [Dean]'s petition for writ of *habeas corpus* would be considered his first PCRA petition. The court appointed an attorney to represent him. However, [Dean] continued to file *pro se* documents, including a PCRA petition on October 19, 2020, a "Motion to Compel" on November 15, 2021, an amended PCRA petition on December 31, 2021, and a "Motion for Withdraw of Court Appointed Counsel and of New Counsel" on January 4, 2022. He also filed *pro se* notices of appeal on July 18th and July 28th of 2022, despite that no ruling on his PCRA petition had yet been issued by the court. This Court ultimately quashed [Dean]'s premature appeals.

On July 7, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss [Dean]'s petition without a hearing. After a change in [Dean]'s counsel, his new attorney filed a "Motion for Leave to File an Amended PCRA Petition," which the court subsequently granted. [Dean]'s counseled, amended petition was filed on July 24, 2023. On October 25, 2023, the PCRA court issued an order and opinion denying [Dean]'s petition.

*Commonwealth v. Dean*, 1388 WDA 2023 (Pa. Super. Filed. September 12, 2024) (unpublished memorandum). Dean timely appealed, and this Court affirmed the dismissal. ***See id.***

On April 7, 2025, Dean filed the instant *pro* se PCRA petition, raising layered ineffective assistance claims against all former attorneys who represented him. The PCRA court determined that Dean's petition was untimely, and that he had not pled and proved an exception to the time bar. As such, the court issued notice of its intent to dismiss his petition pursuant to Pa.R.Crim.P. 907.

On April 21, 2025, Dean prematurely filed a notice of appeal from the PCRA court's Rule 907 notice. On May 2, 2025, Dean filed a purported "Amended Notice of Appeal", attaching a statement of matters complained of on appeal, a memorandum of law, as well as a response to the Rule 907 notice, in which Dean appeared to confuse his current petition with his initial timely petition filed in 2020, that was ultimately appealed to this Court, the dismissal of which we affirmed in 2024. In the response, Dean contended that because the PCRA court conceded that his initial *pro se* PCRA petition and amended petition were timely filed, those same issues raised previously were now timely preserved in his second PCRA petition, despite the fact that those claims were already prosecuted through this Court. Reaffirming the instant petition

as untimely, the PCRA court dismissed the petition on May 6, 2025. This timely appeal followed.[1]

Prior to reaching the merits of Dean's claims on appeal, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

The instant petition—filed over 5 years after the judgment of sentence became final—is patently untimely. Therefore, the PCRA court lacked

---

[1] Although Dean prematurely filed a notice of appeal from the PCRA court's Rule 907 notice, this Court's docket has been amended to reflect that this appeal lies from the May 6, 2025 PCRA court order. **See** Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal."); Pa.R.A.P. 905(a)(5) (A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.).

jurisdiction to review Dean's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[E]xceptions to the time-bar must be pled in the … petition, and may not be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) (citations omitted); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citation omitted).

Even liberally construed, Dean has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. In fact, Dean failed to plead and prove any exception to the time-bar at all in his petition.

We briefly note that on appeal, Dean attempts to raise claims of ineffective assistance of both his appointed counsel and privately retained counsel from his first PCRA proceedings. **See** Appellant's Brief, at 3. He makes the conclusory statement, without any legal authority for the claim, that "as this was the earliest opportunity for [him] to raise such ineffective assistance claims[,] … the PCRA [c]ourts' denial of this [p]etition on the [basis of untimeliness] is … error." **Id.** at 29. We disagree.

"It is well-established that an allegation of ineffectiveness is, typically, not sufficient to overcome an otherwise untimely PCRA petition." **Commonwealth v. Branthafer**, 315 A.3d 113, 136 (Pa. Super. 2024) (citation omitted). While, as stated previously, Dean provides no legal authority for his bald claim of error, it appears he is attempting to assert he is entitled to relief based on **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). In **Bradley**, our Supreme Court held "a PCRA petitioner may, after a PCRA court denies relief and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at 401 (footnote omitted). Making no finding regarding whether or not this was Dean's "first opportunity" to raise such claims, **Bradley** does not provide Dean the relief he seeks, as, unlike the instant case,

***Bradley*** involved a timely first PCRA petition. ***See id***. at 384. As discussed, that is not the case here.

"Nothing in ***Bradley*** creates a right to file a [] PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." ***Commonwealth v. Stahl***, 292 A.3d 1130, 1134 (Pa. Super. 2023). Further, as this Court recently noted, "***Bradley*** did not guarantee a PCRA petitioner substantive review of claims of PCRA counsel's ineffectiveness, nor did it create an absolute right to remand for development of those claims." ***Commonwealth v. Lawrence***, 309 A.3d 152, 155 (Pa. Super. 2024). Therefore, a ***Bradley*** claim, even if properly supported, would not save Dean's untimely PCRA petition.

Therefore, the PCRA court correctly concluded it lacked jurisdiction to review the merits of his petition where Dean has failed to plead and prove an exception to the time-bar to justify consideration of his untimely PCRA petition. Accordingly, we affirm the PCRA court's order dismissing the PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/6/2025