J-S05034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEKOTA JEROME BAPTISTE | : | |
| | : | |
| Appellant | : | No. 474 EDA 2025 |

Appeal from the PCRA Order Entered January 23, 2025
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001184-2017

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 06, 2026**

Dekota Jerome Baptiste appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq.* (PCRA). We vacate the order and remand for further PCRA proceedings pursuant to ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), and its progeny.

A lengthy recitation of the facts underlying this case is not necessary to our disposition.  Briefly, the Commonwealth charged Baptiste with first-degree murder and related offenses.  A jury found Baptiste guilty of first-degree murder, attempted murder, aggravated assault, recklessly endangering another person, theft by receiving stolen property, possessing an instrument of crime, carrying firearms without a license, and fleeing or attempting to

_____

[*] Retired Senior Judge assigned to the Superior Court.

elude a police officer.[1]  The court sentenced him to, *inter alia*, a life imprisonment sentence for the murder conviction.  Baptiste filed timely post-sentence motions, which the court denied.  Thereafter, Baptiste filed a timely direct appeal and this Court affirmed his judgment of sentence on July 9, 2021.  ***See Commonwealth v. Baptiste***, 260 A.3d 132 (Pa. Super. 2021) (table) (3304 EDA 2019). Subsequently, the Pennsylvania Supreme Court denied Baptiste's petition for allowance of appeal on February 24, 2022.  ***See Commonwealth v. Baptiste***, 273 A.3d 512 (Pa. 2022) (table) (454 MAL 2021).

On February 27, 2023, Baptiste timely filed a PCRA petition and, on a later date, the court held an evidentiary hearing.  The court denied Baptiste's PCRA petition on January 23, 2025.  On February 20, 2025, private counsel, who represented Baptiste throughout the PCRA proceedings, filed a motion to withdraw from representation and Baptiste confirmed he no longer wished to be represented by that attorney.  Accordingly, the court granted counsel's motion to withdraw and appointed new PCRA counsel for purposes of the appeal.  Baptiste timely filed his appeal of the January 23, 2025 order and complied with the court's order to file a concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925.  In that concise statement, Baptiste raised nine issues for review, eight of which alleged the

_____

[1] 18 Pa.C.S. §§ 2502(a), 901(a)/2502(a), 2702(a)(1), (4), 2705, 3925(a), 907, 6106(a)(1), and 3733(a), respectively.

ineffectiveness of PCRA counsel, for the first time. The Commonwealth and PCRA court concede that this matter should be remanded for further proceedings pursuant to **Bradley**. **See** Appellee's Brief, at 11; **see also** PCRA Court Opinion, 4/21/25, at 2 (unpaginated).

The nine issues raised by Baptiste in this appeal are as follows:

1. Whether the PCRA court erred in dismissing the claim that trial counsel were ineffective for failing to[:] (a) object to Ronald Johnson as a witness on the grounds that he was not named on the Commonwealth's witness list; and (b) advise [Baptiste] that if he elected to testify the Commonwealth could present rebuttal witness Ronald Johnson?

2. Was initial PCRA counsel ineffective for failing to raise the claim that trial counsel were ineffective for failing to request a cautionary instruction directing the jury not to consider the evidence of [Baptiste]'s "other crimes" as evidence of his bad character, or propensity to be violent or commit unlawful acts generally, including that he had a suspended driver's license, a D.U.I. warrant out of Monroe County, and that he admitted to previously shooting a gun at a range for target practice?

3. Was initial PCRA counsel ineffective for failing to raise the claim that trial counsel were ineffective for failing to object to the trial court's defective instructions directing the jury as to how it should consider [Baptiste]'s juvenile adjudication for conspiracy, specifically: (a) by telling the jury that this evidence was admitted for purpose of "attacking" [Baptiste]'s credibility, instead of "weighing" [his] credibility, which caused prejudice to [Baptiste]; and (b) the court failed to give a standard instruction explaining what the jury was permitted to consider in relation to [Baptiste]'s juvenile adjudication?

4. Was initial PCRA counsel ineffective for failing to raise the claim that trial counsel were ineffective for failing to object to the trial court's confusing, and therefore defective, instruction on voluntary manslaughter, which conflated the elements of first[-]degree murder and voluntary

manslaughter, leading jurors to believe that voluntary manslaughter was not a viable option for a verdict, thereby causing prejudice to [Baptiste?]

5. Was initial PCRA counsel ineffective for failing to raise the claim that direct appeal counsel was ineffective for failing to raise the claim that the evidence was insufficient to sustain the conviction for attempted murder of Thressa Duarte, as the same is a specific intent crime and no evidence was presented at trial to substantiate [that Baptiste] possessed the requisite intent?

6. Was initial PCRA counsel ineffective for failing to raise the claim that trial counsel [were] ineffective for failing to object to the trial court's failure to strike, not only the testimony of Thressa Duarte but also, her appearance in court, including her hysterical sobbing on the witness stand, as highly prejudicial and inflammatory?

7. Was initial PCRA counsel ineffective for failing to raise the claim that trial counsel [were] ineffective for undermining the credibility of [Baptiste]'s own favorable and important eyewitness, Mazell Truss, by eliciting highly prejudicial evidence that she was in jail for vehicular homicide and was using drugs and alcohol, when this unfavorable evidence would not have been otherwise admissible[?]

8. Was initial PCRA counsel ineffective for failing to raise the claim that trial counsel were ineffective for failing to object to the coroner's prejudicial testimony erroneously defining homicide as the "deliberate intent to cause that individual's death or as the result of it," thereby usurping the jury's role as to whether [Baptiste] possessed the requisite intent?

9. Was initial PCRA counsel ineffective for failing to raise the claim that trial counsel were ineffective for failing to select, and then present a plausible theory of imperfect self[-]defense, known as unreasonable belief voluntary manslaughter, from the commencement of trial, and advise [Baptiste] accordingly[?]

*See* Appellant's Brief, at 2-5 (unnecessary capitalization and suggested answers omitted).

- 4 -

We begin with a discussion of the general application of ***Bradley***. In ***Bradley***, the Pennsylvania Supreme Court granted PCRA "petitioners the right to raise ineffectiveness claims against PCRA counsel while appealing the denial of their first petition." ***Commonwealth v. Greer***, 316 A.3d 623, 625 (Pa. 2024); ***see also Bradley***, 261 A.3d at 401 ("[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.") (footnote omitted). In the ***Bradley*** context, the record may be sufficient for this Court to rule on some or all the claims without remanding, though the PCRA court should generally consider PCRA claims in the first instance. ***See Greer***, 316 A.3d at 630-31 ("The PCRA court should have the first opportunity to address factual and legal claims. An appellate court's proper role is to review the PCRA court's decision for an error of law or an abuse of discretion.") (citations and footnote omitted); ***see also Commonwealth v. Lawrence***, 309 A.3d 152, 155 (Pa. Super. 2024) ("In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter.") (citation omitted). In ***Greer***, the Pennsylvania Supreme Court expressed preferences, in the ***Bradley*** context, for avoiding "piecemeal litigation" and encouraging "a full, fair, and final review of all claimed errors in one proceeding." ***See id.*** at 629.

To establish entitlement to collateral relief based on a former attorney's dereliction in representation, the PCRA petitioner must establish a *prima facie* claim of ineffective assistance of counsel, consisting of the following elements:

> (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

*Lawrence*, 309 A.3d at 155 (citation omitted). "The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail." *Id.* (citation omitted). Further, to support a basis for a remand under *Bradley*, the petitioner must explain "how further development of the factual record would satisfy all three prongs of this test as to each of prior PCRA counsel's alleged failings." *Id.* at 156.

Here, eight out of the nine claims Baptiste raised on appeal relate to allegations of PCRA counsel's ineffectiveness, Baptiste set forth the necessary elements to satisfy a *prima facie* case of ineffectiveness, and the record establishes that further development of the claims at a hearing is appropriate.[2] *See Lawrence*, 309 A.3d at 155. Although we might reach merits review of the lone claim not implicating *Bradley*, in view of the goal of achieving judicial economy and the role of the appellate court as reviewer, the preference for

---

[2] As in *Lawrence*, Baptiste satisfied the requirement that he establish that a hearing is appropriate for further development of his claims in his Rule 1925 concise statement. *See Lawrence*, 309 A.3d at 156.

avoiding piecemeal litigation, and in an effort to achieve final review of all claims of error in one proceeding, we remand this case in its entirety, without reaching any merits, for further PCRA proceedings consistent with **Bradley** and its progeny.  **See Greer**, 316 A.3d at 628-29.

Order vacated. Case remanded for further proceedings consistent with this decision.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2026