J-S07013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA RICHARD MOYER | : | |
| | : | |
| Appellant | : | No. 733 MDA 2025 |

Appeal from the PCRA Order Entered May 19, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003686-2021

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED: MAY 11, 2026**

Joshua Richard Moyer appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). Since the PCRA court properly dismissed Appellant's petition as untimely, we affirm.

We glean the following from the certified record. On October 22, 2021, the Attorney General's Office conducted a search warrant at Appellant's trailer, finding thousands of videos and images of children under the age of ten engaged in prohibited sex acts and portraying indecent contact, which had been uploaded between 2018 and 2021. At the time, Appellant was required to register the address of his trailer due to his 2010 federal conviction for possession of child pornography, but he had failed to do so. Based on the foregoing, he was charged with, *inter alia*, 100 counts of sexual abuse of children.

Appellant entered a negotiated guilty plea to nine counts of sexual abuse of children for the possession of child pornography, as well as one count each of failure to comply with registration requirements and criminal use of a communication facility. On February 21, 2023, the court sentenced Appellant to an aggregate agreed-upon term of incarceration of fifteen to forty years, followed by five years of probation. Appellant did not file a post-sentence motion or a direct appeal. Thus, his judgment of sentence became final on March 23, 2023, when he failed to file a notice of appeal within thirty days.[1]

Pursuant to the PCRA, Appellant had until March 25, 2024, to file a timely petition. *See* 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter . . . shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of the three timeliness exceptions.); 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation."). He filed the underlying petition, his first, nearly six months late, on October 10, 2024.

Appellant referenced the newly-discovered facts timeliness exception in the title to his petition. However, he did not plead an exception within the petition itself. Instead, he argued that his consecutive sentences for multiple counts of child pornography were illegal, despite conceding that the images

_____

[1] Although the PCRA court miscalculated the thirtieth day as March 21, 2023, that minor error did not impact its analysis of the timeliness of Appellant's petition.

forming the basis of each charge depicted a different child, because the prosecutor was required to prove the same elements for each count. ***See*** PCRA – Newly Discovered Evidence ("PCRA Petition"), 10/10/24, at 2-3. Disposition of this petition was delayed due to its initial docketing as a notice of appeal.

In the meantime, and without permission from the PCRA court,[2] Appellant filed an amended petition. Therein, he claimed that the search of his residence was illegal because it began several hours before the warrant was presented to Denise Stump.[3] ***See*** PCRA - Amended ("Amended PCRA Petition"), 1/16/25, at 2. Again, he alluded to the newly-discovered facts exception in the title of the filing. However, within the petition he merely

---

[2] It is well-settled that a petitioner must have the approval of the PCRA court to amend a petition:

> The Rules of Criminal Procedure contemplate that amendments to pending PCRA petitions are to be "freely allowed to achieve substantial justice," Pa.R.Crim.P. 905(A), but Rule 905 amendments are not self-authorizing such that a petitioner may simply amend a pending petition with a supplemental pleading. Rather, the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court.

***Commonwealth v. Miranda***, 317 A.3d 1070, 1076 (Pa.Super. 2024) (cleaned up).

[3] The nature of Appellant's relationship with Ms. Stump is unclear. He refers to her as his wife within his filings, but she explained at his sentencing hearing that he is "our hired man" who lives on her farm and also assists with caring for her mother. N.T. Sentencing, 2/21/23, at 9-11.

stated, in a conclusory manner, that "an issue regarding a warrant implicates an exception to untimeliness[.]" *Id*.

Approximately one month later, we directed the Prothonotary to transfer the October 2024 filing back to the PCRA court and amend the docket to reflect it as a PCRA petition filed on October 10, 2024. *See* Order 2/20/25. Upon transfer, the PCRA court appointed counsel. Instead of an amended petition, counsel filed a no-merit letter after determining that no timeliness exception applied because the new facts Appellant purported to allege regarding the warrant were known to him on October 22, 2021. Therefore, counsel sought to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1998), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Appellant replied, arguing for the first time that he met the newly-discovered facts exception. He clarified:

> Yes, [Appellant] was aware of the search warrant, that however is not [Appellant]'s claim. [Appellant]'s claim is the fact that he was not aware that the search warrant didn't show up till the afternoon and the fact that the officers entered his residence at roughly 6:00 a.m. in the morning collecting evidence. On the 22nd day of November 2024, [Appellant] requested copies of all warrants because first counsel never enclosed them in the discovery. Once [Appellant] received the copy of the warrant, that is when [he] realized that the warrant didn't show up till the afternoon. [Appellant] then filed [the Amended Petition], challenging an illegal warrantless search and seizure.

PCRA - Amended ("*Turner*/*Finley* Response"), 4/17/25, at 3. Appellant also pled governmental interference based upon: (1) trial counsel not providing

- 4 -

the warrant in discovery; (2) the officers entering the camper before the warrant was presented to Ms. Stump; and (3) the prosecutor failing to bring to the trial court's attention that the negotiated sentence was illegal and the search violated Appellant's rights. *Id*. at 3-4. Finally, he added that "the mere fact that the issue in hand involves a warrant violation" gets him past the PCRA's timeliness hurdle. *Id*. at 4.

The PCRA court ultimately permitted counsel to withdraw and issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. It concluded that the petition was untimely filed without an exception because the allegedly new facts were already known to Appellant when the search occurred. *See* Order and Notice of Intent to Dismiss, 4/22/25, at 2. Appellant filed a response, reiterating that he "did in fact know that there was a warrant but what [he] did not know was the fact that the warrant didn't show up till the afternoon and that the officers conducted their search at roughly 6:30 a.m." Response to Order and Notice of Intent to Dismiss, 5/5/25, at II. Instead of arguing the newly-discovered facts exception, however, Appellant focused solely upon advancing the governmental interference exception on the basis that trial counsel and the prosecutor failed to advise him that the warrant was invalid. *Id*. at III. On May 19, 2025, the court dismissed Appellant's petition.

This timely appeal followed. Appellant complied with the PCRA court's order to file a concise statement pursuant to Pa.R.A.P. 1925(b). The court issued a statement and referred us to its Rule 907 notice. Appellant raises

two questions in his brief to this Court: "(I) Whether state police conducted an illegal warrantless search and seizure?" and "(II) Whether the court imposed an illegal sentence upon [Appellant], by running all counts consecutive to each other?" Appellant's brief at 7.

Before we reach the merits of these issues, we must first determine whether Appellant's underlying PCRA petition was timely filed, as "[i]t is a well-settled principle that if a PCRA petition is untimely, neither the PCRA court nor this Court has jurisdiction over the petition and cannot address the substantive claims." **Commonwealth v. Branthafer**, 315 A.3d 113, 120 (Pa.Super. 2024) (cleaned up). In that vein, we are guided by the following legal principles:

> Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.
>
> . . . .
>
> If a PCRA petition is untimely, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S. § 9545(b)(1). The three narrow statutory exceptions to the one-year time-bar are as follows: (1) interference by government officials in the presentation of the claim; (2) newly-discovered facts; and (3) an after-recognized constitutional right. A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. If a petitioner fails to invoke a valid exception to the PCRA time-bar,

- 6 -

courts are without jurisdiction to review the petition and provide relief.

*Id*. at 123–24 (cleaned up).

Appellant's PCRA petition, filed in October 2024, was patently untimely. While he included the phrase "newly discovered evidence" in the title of this *pro se* filing, he neither acknowledged the petition's untimeliness nor pled that exception to the time-bar anywhere therein. **See generally** PCRA Petition, 10/10/24. In his amended petition, which was not filed with leave of court, he again referenced that exception in the title without attempting to plead it in any way beyond a vague and incorrect statement that warrant issues can overcome the PCRA's time-bar. It was not until Appellant responded to counsel's no-merit letter that he first pled a valid timeliness exception with any specificity.

It is well-settled that any exception must be pled in the initial petition. **See** 42 Pa.C.S. § 9545(b)(1); **see also Commonwealth v. Wharton**, 886 A.2d 1120, 1126 (Pa. 2005) (clarifying that a petitioner is "required to plead the cognizability of his petition in the petition itself" (cleaned up)). However, Appellant's appointed counsel on his first PCRA petition declined to set forth an exception in an amended petition because he determined, in his **Turner/Finley** letter, that no exception applied. Therefore, we will consider Appellant's responses to counsel's letter and the Rule 907 notice to determine whether he presented facts that would have enabled PCRA counsel to plead an exception to the PCRA's time-bar in an amended petition.

As detailed hereinabove, those filings raised the newly-discovered facts and governmental interference exceptions. We begin with the former:

> The timeliness exception set forth in [§] 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.
>
> Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015) (cleaned up).

Appellant alleged that he did not know the search began several hours before the warrant was given to Ms. Stump until he received a copy of the warrant on an undisclosed date. He claimed the warrant was not provided in his initial discovery but he requested it on November 22, 2024. *See Turner/Finley* Response, 4/17/25, at 3. In its Rule 907 notice, the PCRA court concluded that Appellant did not establish this exception because the purported facts were known to Appellant. Specifically, the court found that he "acknowledged at his guilty plea hearing on November 30, 2022, that Attorney General Officers executed a search warrant at his residence on October 22, 2021." Order and Notice of Intent to Dismiss, 4/22/25, at 2. Appellant countered that "what [he] did not know was the fact that the warrant didn't show up till the afternoon and that the officers conducted their search

at roughly 6:30 a.m." Response to Order and Notice of Intent to Dismiss, 5/5/25, at II.

Our review of the certified record belies Appellant's contentions that the timeframe of the search and warrant was a new fact. Appellant agreed during his written and oral guilty plea colloquys that a search warrant was executed at his trailer on October 22, 2021. *See* N.T. Guilty Plea, 11/30/22, at 7; Plea Agreement, 11/30/22, at 3. Further, the affidavit of probable cause for his arrest detailed that he was present when the officers arrived at approximately 6:00 a.m. on October 22, 2021, to question him. Indeed, in his amended petition, Appellant acknowledged that he was present when the officers arrived that morning. Moreover, he detailed that they provided the warrant to Ms. Stump "later in the day . . . , well after they violated [Appellant]'s rights by entering the camper." Amended PCRA Petition, 1/16/25, at 2. Appellant even claimed that the officers confessed to Ms. Stump that they "messed up by entering the camper without the search warrant." *Id*. Notably, a copy of the warrant would not have supplied Appellant with any information about when the officers gave the warrant to Ms. Stump or what they told her when they did. Based on the foregoing, Appellant unquestionably was present when the search began and knew when the officers supplied Ms. Stump with the warrant before he procured a copy of it.

"Pennsylvania case law is unmistakably clear that only **new facts**, not newly-uncovered information pertinent to previously known facts, trigger the timeliness exception pursuant to [§] 9545(b)(1)(ii)." ***Branthafer***, 315 A.3d

at 130. We conclude that the warrant was simply a new source for the same fact that Appellant already knew, *i.e.*, that the search began several hours before the warrant was given to Ms. Stump. Even if it could be construed as a new fact, Appellant offered no facts to support the notion that he acted with due diligence. Appellant did not request a copy of the warrant until nearly twenty months after his judgment of sentence became final. Relevantly, he offered no explanation as to why he could not have secured a copy earlier with the exercise of due diligence. Accordingly, "we discern no error in the PCRA court's determination that Appellant failed to properly invoke the newly-discovered facts exception." *Id*. at 131.

We next consider Appellant's argument that his petition was timely filed pursuant to the governmental interference exception. To plead this exception, "Appellant must show the failure to raise the claim previously was the result of interference by government officials. To make a successful claim of governmental interference, an appellant must show a violation of his rights under constitutional or state law." *Commonwealth v. Reeves*, 296 A.3d 1228, 1231 (Pa.Super. 2023) (cleaned up). Notably, the term "'government officials' shall not include defense counsel, whether appointed or retained." 42 Pa.C.S. § 9545(b)(4).

Appellant averred that this exception applied because neither his counsel nor the prosecutor informed the trial court of the illegality of the search or his negotiated sentence. *See Turner/Finley* Response, 4/17/25, at 3-4; Response to Order and Notice of Intent to Dismiss, 5/5/25, at III.

- 10 -

Plainly, he cannot raise this claim as to trial counsel's actions because he does not qualify as a government official for purposes of this exception. ***See*** 42 Pa.C.S. § 9545(b)(4). Furthermore, he failed to argue how the prosecutor prevented him from raising those issues earlier. As such, we conclude that Appellant has not put forth facts to plead this exception either.

Having failed to establish the applicability of a timeliness exception, the PCRA court properly determined that Appellant's petition could not overcome the PCRA's time-bar and he was therefore not entitled to merits review. Thus, we affirm the order dismissing his PCRA petition as untimely without a valid exception.[4]

_____

[4] We note that Appellant preserved a claim assailing PCRA counsel's effectiveness pursuant to ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), in his Rule 1925(b) statement. While he alleges in his brief that counsel was ineffective for not filing an amended petition, he does not otherwise develop the requisite three-pronged ineffectiveness test. ***See Commonwealth v. Baumhammers***, 92 A.3d 708, 744 (Pa. 2014) (deeming waived a challenge to trial counsel's effectiveness where the defendant did not provide the High Court "with any developed advocacy on th[e] issue" (cleaned up)); ***Commonwealth v. Lawrence***, 309 A.3d 152, 155, (Pa.Super. 2024) (explaining the three prongs of an ineffectiveness claim).

Even if Appellant had adequately developed a ***Bradley*** claim in his brief, he would not be entitled to relief. First, we would not remand the matter to the PCRA court because "the record before [us is] sufficient to allow for disposition[.]" ***Bradley***, 261 A.3d at 402. Second, counsel's conclusion that Appellant could not establish a timeliness exception is borne out by the record, as detailed *supra*, and therefore counsel did not render ineffective assistance by filing a no-merit letter. ***See Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim." (cleaned up)).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/11/2026